THEODORE F. REED, Appellant, *v.* JEDEDIAH K. HAYWARD, Respondent.

*Action for money had and received, by a client against his attorney — what is not a voluntary payment by the former to the latter.*

The complaint in an action alleged that the defendant, as the counsel and agent of the plaintiff, collected $1,750 belonging to the plaintiff, and that he only returned to the plaintiff $250 thereof; that prior to the commencement of the action, the plaintiff duly demanded from the defendant the said sum of $1,500, but that the defendant neglected and refused to deliver the same to the plain-

· tiff and wrongfully and unlawfully converted the same to his own use, to the plaintiff's damage in the sum of $1,500.

*Held*, that, irrespective of the allegation of conversion, the complaint set out a good cause of action for money had and received.

An attorney received from an insurance company checks for $3,750 drawn to the order of his client and refused to turn them over to the client unless the latter would pay to him a part of the proceeds. The client at first refused to indorse the checks for this purpose, but finally did so, being largely influenced by the statement of the attorney that the insurance company would fail, and that he would send the checks back unless the client would indorse them. The attorney collected the proceeds of the checks and retained $1,000 thereof.

*Held*, that the payment of the $1,000 was not voluntary upon the part of the client

APPEAL by the plaintiff, Theodore F. Reed, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rockland on the 1st day of June, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Rockland Trial Term.

*Emanuel G. Bullard* and *William H. Van Steenbergh*, for the appellant.

*J. K. Hayward*, for the respondent.

WILLARD BARTLETT, J.:

The complaint in this action alleges that in the year 1896 the defendant acted as the counsel and agent for the plaintiff in certain actions and proceedings brought by him to recover moneys due to the plaintiff from certain life insurance companies or associations; that while acting as such counsel the defendant received from the Massachusetts Benefit Life Association and the Bay State Benefit Association divers sums of money for the plaintiff, amounting in the aggregate to $1,750, of which he has returned to the plaintiff $250, leaving a balance of $1,500 in defendant's hands belonging to the plaintiff, and that prior to the commencement of the action plaintiff duly demanded from defendant the said sum of $1,500, but that the defendant has neglected and refused to deliver the same to the plaintiff, and has wrongfully and unlawfully converted the same to his own use to the plaintiff's damage in the sum of $1,500. The answer admits that the defendant acted as the counsel and agent for the plaintiff in the actions and proceedings mentioned, but

SECOND DEPARTMENT, APRIL TERM, 1903.          [Vol. 82.

denies all the other material allegations of the complaint. The learned judge who presided upon the trial dismissed the complaint on the motion of the defendant at the close of the plaintiff's evidence, and denied the plaintiff's request to be allowed to go to the jury upon all the questions in the case. To these rulings exceptions were duly taken, and the principal question presented by this appeal is whether the issues should have been submitted to the jury in accordance with the plaintiff's request.

The evidence showed that, although Mr. Hayward was employed as counsel by Mr. Reed to collect in his behalf the insurance moneys in question, he also, to some extent at least, represented the insurance companies.. Nothing is to be inferred against Mr. Hayward on this account, however, as his connection with those corporations appears to have been known to Mr. Reed. Mr. Hayward obtained from one of the companies two checks to Mr. Reed's order, aggregating $3,750 in amount. He took these to Mr. Reed and refused to turn them over unless Mr. Reed would pay to him a part of the proceeds. Mr. Reed at first refused to indorse the checks for this purpose, but finally did indorse them and gave them to Mr. Hayward, who deposited them and collected the proceeds. In return Mr. Hayward gave Mr. Reed a check for $2,500, and subsequently paid Mr. Reed $250 in addition, thus retaining $1,000 out of the total sum of $3,750 collected on the checks. In doing this Mr. Reed appears to have been largely influenced by the statement of Mr. Hayward that the insurance company would fail and that he would send the checks back unless Mr. Reed complied with his request.

The record of the trial is very confusing, being largely made up of colloquies between counsel and the court; but the learned judge appears to have been of the opinion that the payment of this $1,000 was voluntary, and also that it was made on account of Mr. Hayward's legal services. I can hardly regard the action of Mr. Reed in the matter as clearly voluntary. His counsel, having possession of the checks, threatened to return them to the maker unless Mr. Reed would give him part of the money; and Mr. Reed's acquiescence for the time being seems to have been brought about by the consideration that if he refused to do as Mr. Hayward wished he would inevitably lose the entire amount.

As to the proposition that Mr. Hayward was allowed to retain the

money on account of his legal services, the proof is more conflicting, inasmuch as Mr. Reed was actually under an obligation to pay Mr. Hayward for his services and admits an express promise to pay; but it nowhere appears that the amount which he agreed to pay or that the value of his services was equal to the sum thus retained by Mr. Hayward.

Applying the familiar rule that the plaintiff is entitled to the most favorable view of the evidence on an appeal of this character, I think it quite clear that there were questions which should have been submitted to the jury. The complaint set out a good cause of action for money had and received, irrespective of the allegation of conversion (*Conaughty* v. *Nichols*, 42 N. Y. 83); and the proof was capable of being so viewed by a jury as to hold the defendant liable, for some amount at least, upon such a cause of action.

I advise that a new trial be granted.

GOODRICH, P. J., HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.