MARCELLA C. JONES, Plaintiff, *v.* A. NEWMAN, Doing Business as INTERURBAN MOVING COMPANY, Defendant.

NEWTON H. JONES, Plaintiff, *v.* A. NEWMAN, Doing Business as INTERURBAN MOVING COMPANY, Defendant.

Supreme Court, Oneida County, January 11, 1930.

*Bailey, Ott & Ryan* [*Howard D. Bailey* of counsel], for the plaintiff.

*Frank L. Ward* [*Harry E. Wareham* of counsel], for the defendant.

LEWIS (EDMUND H.), J. By this motion the defendant seeks an order dismissing the complaint in each of the above-entitled actions upon the ground that the court has not jurisdiction of the person of the defendant.

The defendant, a non-resident of the State of New York, is

the owner of a motor vehicle involved in the accident which prompts each of these actions. The accident occurred in Oneida county on or about the 30th day of September, 1929, at which time the defendant was without the State of New York, his motor vehicle being then operated by another within the State with his permission. The question is presented whether under these conditions jurisdiction of the person of this non-resident defendant has been acquired by virtue of constructive service made upon him under section 52 of the Vehicle and Traffic Law (Laws of 1929, chap. 54, effective March 6, 1929), which provides as follows:

"Service of summons on nonresidents. The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state. Service of such summons shall be made by leaving a copy thereof, with a fee of two dollars, with the secretary of state, or in his office, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending. The court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

Disregarding the strange legislative history of this provision of statute which gives slight aid to its construction, it is found that the Court of Appeals has definitely construed the word "operate" as used in the Highway Law to mean "* * * a personal act in working the mechanism of the car. The driver operates a car for the owner, but the owner does not operate the car unless he drives it himself." (*Witherstine* v. *Employers' Liability Assurance Corporation, Limited, of London, England,* 235 N. Y. 168, 172.)

The same court has recently held that the meaning of the word "operate" as used in the statute with which we are now concerned cannot be extended to include operation of an automobile by a third party by express or implied permission of the owner. (*O'Tier* v. *Sell,* 252 N. Y. 400.)

In the case last above cited the Court of Appeals says: " If the Legislature had intended that operation with the permission of a non-resident owner of a motor vehicle on a public highway shall subject the non-resident to suit without personal service within the State, it could have used apt language to indicate its purpose. It has not done so. On the contrary, it has used language which excludes such a construction."

It follows that jurisdiction of the person of the non-resident defendant in the above-entitled actions, who at the time of the accident was not operating his motor vehicle within the State, was not acquired by service of the summons and complaint by means of the constructive service authorized by section 52 of the Vehicle and Traffic Law.

The defendant's motion is granted, with ten dollars costs.