ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., OF ZURICH, SWITZERLAND, Plaintiff, *v.* BROOKLYN AND QUEENS TRANSIT CORPORATION and Others, Defendants.

Supreme Court, New York County, March 18, 1930.

*Patrick J. McGill,* for the plaintiff.

*Ireland, Caverly & Hendrickson,* for the defendants Alvin J. Samuel and May Taylor.

HATTING, J.   This action is brought upon a claim of negligence for personal injuries to which the plaintiff was subrogated as insurer.   The defendant May Taylor is a non-resident of the State of New York.   She was the owner of the automobile involved in the accident resulting in the injuries complained of, which was at the time of the accident being operated on the highways of the State of New York by the codefendant Alvin J. Samuel, who allegedly was operating the same " with the full consent and permission expressed or implied of the defendant May Taylor." Service of the summons and complaint was attempted to be made pursuant to section 52 of the Vehicle and Traffic Law of the State of New York (Laws of 1929, chap. 54) by delivering a copy to the Secretary of State and mailing a copy by registered mail to the defendant Taylor at her residence in New Jersey.   The present application is by the defendant Taylor for an order vacating the service of the summons and complaint upon the ground that the court has not acquired jurisdiction of the person of the defendant, and on the further ground that the formal provisions of said section have not been complied with by the plaintiff.   Among the most recent authorities on the question is the case of *O' Tier* v. *Sell* (252 N. Y. 400).   The effect of this authority is that, to become amenable to process in this State, a non-resident must either be operating the automobile personally or the operation thereof must be through an agent or employee of such non-resident acting within the scope of his employment.   The operation of section 52 does not extend to a person not associated with the non-resident owner by agency, but who is merely operating the automobile with the knowledge and consent of the owner, as to whom negligence is imputed by the common law.   The defendant Samuel coming within the latter class, the court does not acquire jurisdiction over the defendant Taylor and service upon her of the process pursuant to section 52 of the Vehicle and Traffic Law may not be made.

The motion to vacate the service of the summons and complaint as to the defendant May Taylor will be granted.   Settle order on notice.