LESTER NUSBAUM, Respondent, *v.* RIALTO SECURITY CORPORATION, Appellant, Impleaded with JULIUS BROWNSTEIN and Another, Defendants.

Fourth Department, May 10, 1933.

*Israel Schoenberg* [*Samuel Gutterman* of counsel], for the appellant.

*Gilbert A. Nusbaum*, for the respondent.

CROSBY, J. The Special Term granted plaintiff a summary judgment against the defendant, appellant, upon pleadings and affidavits that raise only one question of fact. It is conceded that plaintiff owed the defendant Brownstein for two invoices of goods, as follows: $425 for an invoice of October 3, 1931, and $170 for an invoice of October 13, 1931, and that Brownstein assigned the $170 account to defendant, appellant, and assigned the $425 account to

the Nassau Factors, not a party to this suit. On November 27, 1931, plaintiff drew his check in the following form: " Pay to the order of Rialto Security Corp. (c/o Julius Brownstein Inc.) $595.00," and wrote on the bottom of the check the following memorandum:

| | | |
|---|---:|---:|
| " 10/3/31 Inv. | 452 | 50 |
| " 10/13/31 Inv. | 170 | 00 |
| | 622 | 50 |
| " Cash | 27 | 50 |
| | 595 | 00" |

There is no dispute that the cash item of $27.50, mentioned in the memorandum, was a payment in reduction of the $452.50 invoice. So that, after the assignments by Brownstein, plaintiff owed defendant, appellant, $170 and the Nassau Factors $425.

Plaintiff concedes that he knew of these assignments by Brownstein. He knew, before he drew his check, that the larger invoice had been assigned to the Nassau Factors as shown by the affidavit of Leonard Nusbaum, used by plaintiff on the motion. He had been so informed by the Nassau Factors. Notwithstanding that knowledge, plaintiff drew his check for the aggregate of both invoices payable, by its terms, to defendant, appellant.

And here arises the only question of fact in the case: Plaintiff claims to have sent the check directly to defendant, appellant, while defendant, appellant, claims that plaintiff sent the check to Brownstein and that Brownstein sent the check to defendant, appellant. From this point on, no facts are in dispute. As soon as defendant, appellant, received the check for $595 it cashed the check, appropriated the $170 due it and immediately sent its check for $425 to Brownstein. Brownstein appropriated the $425 and some time thereafter went into bankruptcy. Plaintiff demanded from the defendant, appellant, the $425 paid to it by mistake, and the latter defends on the ground that it discharged its duty by immediately paying the money which it received by plaintiff's mistake to the one from whom it received the money.

Though there may be some doubt of it, we will assume that, although the complaint alleges that appellant " wrongfully and unjustly converted " the $425, still this is an action for money had and received, and that summary judgment could be granted if otherwise warranted. (*Reed* v. *Hayward*, 82 App. Div. 416.)

It is also doubtless true that plaintiff's carelessness in paying the money to defendant, appellant, does not stand in the way of his recovery of money paid by mistake to one who had no right to retain it. (*Mayer* v. *Mayor, etc., of New York*, 63 N. Y. 455.)

Still summary judgment is a remedy that should not be invoked where there is a fair issue of fact in the case. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Curry* v. *Mackenzie*, 239 id. 267; *Dwan* v. *Massarene*, 199 App. Div. 872.)

If it should be determined on a trial that, as a matter of fact, plaintiff sent his check to Brownstein, and that Brownstein handed the check to defendant, appellant, can it be said, as a matter of law, that the latter was bound to know that the $425 not justly its due should be returned to plaintiff rather than to the one from whom it received the check? I cannot believe that plaintiff is entitled as a matter of law to demand so high a degree of care and wisdom from defendant, appellant, in order to protect him from the consequences of his own admitted carelessness.

One of the affidavits submitted by plaintiff on the motion was that of plaintiff's clerk, Edna LePage, who said that she made out and mailed the check for $595 and that the words, " c/o Julius Brownstein Inc.," following the name of the payee (defendant, appellant) meant, " for the account of Julius Brownstein, Inc." It seems to me at least arguable that defendant, appellant, was thus told or might have assumed that so much of the amount of the check as was not required to pay what was owing to defendant, appellant, was to be paid to Brownstein. At least we cannot say otherwise as a matter of law. There is no contention that defendant, appellant, knew of the assignment to Nassau Factors. Plaintiff did know of it and carelessly sent to defendant, appellant, the amount he knew he should have sent to Nassau Factors. And the effect of the order made herein is to hold, as a matter of law, that defendant, appellant, owed plaintiff a higher degree of care than plaintiff exercised for himself in his own affairs. If defendant, appellant, can be said to have been careless at all it was not more so than plaintiff, and in good faith it has paid out the money to a bankrupt. The bankrupt did not become such until February 29, 1932 — three months and two days after plaintiff had made his mistake in payment. The slightest diligence on the part of plaintiff would have sufficed to cure the evil that his own negligence caused, yet he never notified defendant, appellant, of any trouble until he did so by letter of March 5, 1932, and even in that letter only asked for an acknowledgment of the receipt of the check showing that it covered the $425 invoice as well as the $170 invoice. It was not until he wrote his letter of April 19, 1932, that plaintiff made any complaint of the disposition defendant, appellant, had made of the money involved in this suit.

Meanwhile, and long before that, defendant, appellant, had, by paying the money to the very one from which it received the money, if the answer is true, changed its position so that, if required to

protect plaintiff against his own negligence, it will be unjustly damaged. This would not be equitable. The rule is well stated in the opening paragraph of the opinion in *Mayer* v. *Mayor, etc., of New York* (63 N. Y. 455).

The defendant is at least entitled to a jury trial in this case, and the judgment and order should be reversed on the law and the motion denied, with ten dollars costs.

All concur except SEARS, P. J., and THOMPSON, J., who dissent and vote for affirmance on the ground that the obligation of the defendant Rialto Security Corporation was to return the balance of the avails of the check to the plaintiff as matter of law.

Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs.