FREDA LAMERE, Plaintiff, *v.* CAROLYN H. FRANKLIN, Individually and as Executrix, etc., of FREDERICK S. FRANKLIN, Deceased, Defendant.

Supreme Court, Onondaga County, November 3, 1933.

*Searl & McElroy*, for the plaintiff.

*Bailey, Ryan & Agan*, for the defendant.

CREGG, J. The defendant, Carolyn H. Franklin, was on August 17, 1931, a non-resident of the State of New York, and either individually or as executrix of the last will and testament of Frederick S. Franklin, her deceased husband, the owner of an automobile which was involved in the accident that caused the injuries complained of in this action. The accident occurred August 17, 1931, near Alexandria Bay in this State. Frederick S. Franklin died about two weeks prior thereto. The summons and complaint were served upon the defendant, individually and as executrix, etc., pursuant to the provisions of section 52 of the Vehicle and Traffic Law.

This motion is based upon affidavits made by the defendant, Carolyn H. Franklin, and by Lawrence Jones, the operator of the automobile, both of whom positively swear that the automobile was not being operated at the time of the accident by or with the consent, express or implied, of the defendant either individually or as executrix of the estate of Frederick S. Franklin.

The complaint, although unverified, alleges that the automobile of the defendant was being operated at the time by Lawrence Jones, who was then in the employ of the said defendant, Carolyn H. Franklin, individually and as executrix, etc., and that he was driving the same with the knowledge and consent of the defendant, individually and as executrix, etc., express or implied.

The affidavit of Max Osofsky, one of plaintiff's attorneys, shows that Lawrence Jones, the operator of the automobile, was examined at the coroner's inquest held in the city of Watertown in the forenoon of the day following the accident; and that he testified at that time, in substance, that he was driving the car at the time of the accident with the knowledge and consent of the defendant.

In reply to such affidavit defendant's attorneys furnished the court with a transcript of the entire testimony given by Jones at such inquest. The testimony shows that Jones made contradictory statements. There may be some dispute as to whether

or not he was talking about the car involved in the accident, or another car owned by the Franklins when he testified as follows: " Q. *You have permission to take the car when you want to?* A. *Yes, I always had and I had a key for weeks.* Q. *That arrangement had been satisfactory with them?* A. *Yes.*"

The cases cited by the defendant in support of this motion (*O' Tier* v. *Sell,* 226 App. Div. 434; affd., 252 N. Y. 400; *Jones* v. *Newman,* 135 Misc. 473; *Gesell* v. *Wells,* 229 App. Div. 11; affd., 254 N. Y. 604; *Zurich, etc., Co.* v. *B. & Q. T. Co.,* 137 Misc. 65) are not controlling here. The decisions in these cases are all predicated on section 52 of the Vehicle and Traffic Law as it existed prior to the amendment of March, 1930. The statute before the amendment read as follows: "'The operation by a nonresident of a motor vehicle or motorcycle on a public highway in this state shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney, upon whom may be served the summons," etc.

The effect of the decisions under that statute is that in order to make a non-resident defendant amenable to process in this State, the plaintiff must establish that the non-resident was operating the automobile personally within the State, or the operation thereof must be through an agent or employee of such non-resident acting within the scope of his employment.

The statute as amended by chapter 57 of the Laws of 1930 reads: " The operation by a nonresident of a motor vehicle or motorcycle on a public highway in this State, *or the operation on a public highway in this state of a motor vehicle or motorcycle owned by a nonresident if so operated with his consent, express or implied,* shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons," etc. (Italic portion is new.)

The amendment was plainly enacted for the protection of the people of this State against injury to person or property by reason of the negligent or unlawful operation of motor vehicles owned and registered in another State, when such vehicles are being operated upon the streets or highways of this State with the express or implied consent of the owners thereof.

The automobile in question was licensed in the name of Frederick S. Franklin, deceased, a resident of the State of New Jersey, and was owned at the time by the defendant Carolyn H. Franklin (the widow), individually or as executrix of the estate of Frederick S. Franklin. Mrs. Franklin was also a resident of the State of New Jersey. The automobile was being operated at the time of the accident upon the highways of this State. The license of such

automobile and the operation of the same on the highways of this State raise the presumption that the car was being operated with the consent of the owner. That, coupled with the testimony of Lawrence Jones above outlined, to my mind, presents questions of fact as to whether or not the automobile was being operated at the time of the accident with the express or implied consent of the owner. In my judgment such questions should be determined upon the trial of the case after the plaintiff has had an opportunity to examine or cross-examine the operator Jones, and not at a Special Term for motions. (*Staunton* v. *Robbins*, 136 Misc. 197.)

The proof on the part of the defendant Carolyn H. Franklin, individually and as executrix, etc., is not so clear and convincing as to justify a departure from the rule, " that in order to grant summary judgment the court must be convinced that there is in truth nothing to be tried." (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133; *Nusbaum* v. *Rialto Security Corporation*, 238 App. Div. 257.)

The motion, therefore, is denied, with ten dollars costs to abide the event; defendant to have ten days following service of the order with notice of entry in which to appear and answer.

Order may be entered accordingly.