## BRASSETT v. UNITED STATES FIDELITY & GUARANTY CO. et al.
### No. 14790.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

Feitel & Feitel and John E. Parker, all of New Orleans, for appellant.

Spearing & McClendon, of New Orleans, for appellee Kenneth Schneider.

HIGGINS, Judge.

Plaintiff brings this suit for damages for personal injuries alleged to have been sustained as a result of an intersectional collision between the automobile in which she was riding as a guest and the automobile owned by Joseph Dunnington at the corner of Washington avenue and Dryades street this city, on September 9, 1932, at 1 a. m. Kenneth Schneider, a resident of Anniston, Ala., the owner of the car in which plaintiff was riding, Thomas Lawrence, a resident of the city of New Orleans, to whom the car had been loaned and who had invited the plaintiff to ride as his guest, the owner's insurance carrier, and Joseph Dunnington, the owner and operator of the other automobile are joined as defendants in solido.

Schneider filed an exception to the jurisdiction of the court ratione personæ which was sustained by the trial judge, and plaintiff has appealed.

The parties have agreed upon the following statement of facts:

"That the defendant, Kenneth Schneider, is a resident of Anniston, Ala., and that he is engaged as a traveling salesman, and that while so engaged, he came from Alabama into Louisiana with his automobile, using the highways of the State of Louisiana.

"That he arrived with his automobile in New Orleans, La., on or about the 16th day of September, 1932, and registered at the Jung Hotel. Schneider then left the City of New Orleans, leaving his automobile at the Jung Hotel Garage, remaining away for several days, and then returned to New Orleans. Schneider was not in the State of Louisiana at the time of the accident.

"That before leaving the City of New Orleans, he authorized Thomas Lawrence, Clerk of the Jung Hotel, and a friend of Schneiders to use his automobile, and it was while this automobile was being used in the City of New Orleans by the said Thomas Lawrence, that the accident occurred for which this suit is brought.

"Schneider was not driving the automobile at the time of the accident and was not in it at that time."

The law under which plaintiff seeks to vest jurisdiction in the civil district court over the nonresident Schneider, is found in the provisions of Act No. 184 of 1932 which reads as follows:

"To amend and re-enact Section 1 of Act No. 86 of 1928, entitled: 'An act providing for civil process against non-residents in cases arising out of the operation of motor vehicles within the State of Louisiana.'

"Section 1. Be it enacted by the Legislature of Louisiana, That the acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the State of Louisiana, or the operation by a non-resident

or his authorized employee of a motor vehicle on the said highways other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the Secretary of the State of Louisiana or his successor in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally.

"Section 2. That all laws or parts of laws in conflict herewith be and the same are hereby repealed."

Plaintiff contends that the nonresident automobile owner under the language of the above act is subject to the jurisdiction of the courts of this state by first, "the acceptance of the rights and privileges and use of the highways," and, second, "the actual operation by the non-resident or his employee at the time of the accident" of his motor vehicle.

Defendant argues that the act only vests jurisdiction in the courts of this state over nonresidents, first, where the nonresident is operating his car and is involved in an accident, and, second, where his authorized employee is operating the car and meets with an accident, and, therefore, the statute is inapplicable where the nonresident has loaned his car to a friend who causes injury or damage to another when driving it.

It appears that the question presented has not been decided in this state. In New York, however, where there is a similar law (McKinney's Consolidated Laws, c. 71, book 62-A, § 52, page 56), the issue has received judicial consideration. The courts there have held that to become amenable to constructive service under the New York statute providing for service on the secretary of state in actions against nonresident automobile owners, the nonresident must either be operating the automobile personally, or the operation thereof must be through an agent or employee of such nonresident acting within the scope of his employment, and that the statute does not cover a person not connected with the nonresident owner by agency, but who is merely operating the automobile with the knowledge and consent of the owner. Zurich General Accident & Liability Ins. Co. v. Brooklyn & Q. Transit Corp. (1930) 137 Misc. 65, 241 N. Y. S. 465.

In Jones v. Newman (1930) 135 Misc. 473, 239 N. Y. S. 265, it was held that the word "operate," as used in the New York statute providing for constructive service upon nonresident owners of automobiles, does not include the operation of the car by another in the state with the owner's permission, but while the owner was without the state.

In O'Tier v. Sell (1930) 252 N. Y. 400, 169 N. E. 624, 625, the court held that under the statute providing that, in an action against a nonresident "growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle," summons may be served by leaving a copy with the secretary of state, has no application to an accident which occurs while the car in question was being driven by a repair man, who had undertaken to locate trouble in the car, and who was not accompanied by the owner. See, also, Morrow v. Asher (1932, D. C.) 55 F.(2d) 365; Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. page 1091.

In passing we might say that in the year of 1930 the New York Legislature amended the New York statute so as to cover a nonresident owner in cases where his automobile was being driven by another with his consent or permission either expressed or implied. McKinney's Consolidated Laws, c. 71, book 62-A, Supp. pages 21, 22, § 52.

As we read the statute, it substantially provides that the acceptance by a nonresident of the rights and privileges to operate his car on the public highways of Louisiana, shall be deemed equivalent to an appointment by such nonresident of the secretary of state as lawful attorney of the nonresident for the service of process "in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee." The appointment of the secretary of state as the agent to receive service of process is, therefore, limited to an action which grows out of an accident in which the nonresident is involved while he or his employee is operating a motor vehicle on the public highways in the state.

We conclude that the trial court properly sustained the exception.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.