**WHEAT v. WHITE et al.**

**No. 57.**

District Court, E. D. Louisiana, New Orleans Division.

May 6, 1941.

See, also, D.C., 38 F.Supp. 796.

Roland C. Kizer, of Baton Rouge, La., for plaintiff.

John May and Henry & Kelleher, all of New Orleans, La., for defendant Travelers Indemnity Co.

Milling, Godchaux, Saal & Milling and R. E. Milling, Jr., all of New Orleans, La., for defendants Walter H. White and another.

CAILLOUET, District Judge.

The defendant Walter H. White, against whom or against Consolidated Underwriters (his insurer), or against the Travelers Indemnity Company (admitted insurer of one Boh Brothers Construction Company, not a party to the action), or against the three in solido, the plaintiff seeks to recover damages for the death of his wife, who was fatally injured while riding as a guest passenger in said White's Packard sedan, by reason of said automobile's collision with a barricade across a Louisiana highway then under construction or repair by said Boh Brothers Construction Company, moves the Court to dismiss the action against him because (he so represents):

1. Jurisdiction over his person is sought to be obtained under the Louisiana Act 86 of 1928, as amended by Act 184 of 1932 (inasmuch as he is, admittedly, a resident and citizen of Mississippi), although the driver of his automobile at the time of the accident was neither mover nor his duly authorized employee, and accordingly the necessary facts do not ,exist which would permit legal application of said Louisiana statute, or permit the subjection of mover's person to the Court's jurisdiction by constructive service through the Louisiana Secretary of State;

2. The insufficiency of process, under said statute; and

3. The insufficiency of service of process "under and as required" by said mentioned Louisiana act.

The record contains a stipulation to the effect that at the time of the accident in question mover Walter H. White was the owner and an occupant of the automobile involved therein, and that the same was being driven by a gratuitous passenger in the automobile, with said mover's consent and authority.

The pertinent provisions of the statute invoked by plaintiff are found contained in Section 1 thereof, which reads as follows, viz: "Section 1. Be it enacted by the Legislature of Louisiana, That the acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the State of Louisiana, or the operation by a non-resident or his authorized employee of a motor vehicle on the said highways other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the Secretary of the State of Louisiana or his successor in office, to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding against said non-resident growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally."

Mover contends that his automobile was not in operation by himself (as the nonresident) nor by his employee, at the time of the accident, and that, therefore, since the statutory provisions are in derogation of common right and should be strictly construed, the action should be dismissed.

■ But, in my view of the matter, mover White, nonresident, owner of the automobile and occupant thereof, was involved in the accident or collision complained of, while operating the vehicle upon a Louisiana highway. His gratuitous passenger who was driving his automobile, for his own convenience and purposes, with his consent and authority, was certainly acting for him and since "qui facit per alium facit per se", the automobile was being "operated" by him, in the intendment of the law, at the time that he, the nonresident, became involved in the fatal accident on a Louisiana highway, which he was, then and there, making use of for the operation of his automobile, in which plaintiff's deceased wife was, at the time, riding as his other guest passenger.

Matters so existing in the White automobile at the time of the collision with the

highway barricade, if negligent operation of the vehicle were first proved a proximate cause of the accident, and contributory negligence of the injured guest not established by the preponderance of evidence, then at least a prima facie case for the recovery of damages would be made out against mover, White, because the act of "operating" the automobile by the person at the wheel, only by reason of his consent and authority, would be adjudged his own act.

"Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Am.L.Inst. "Restatement of Agency", § 1, p. 7.

The "raison d'être" of the Louisiana statute is best explained by the following excerpt from Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 633, 71 L.Ed. 1091, relative to a similar Massachusetts statute, viz: "Motor vehicles are dangerous machines, and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense. It makes no hostile discrimination against nonresidents, but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. * * * *"

The nonresident, White, stands before this Court in the same situation that a Louisiana citizen, who, as owner and occupant of an automobile, then and there being operated for him by one of his two gratuitous passengers with his consent and approval, finds himself before the law when, by reason of charged negligent operation of his automobile for him, he becomes involved in an accident on a Louisiana highway, and his second passenger guest suffers fatal injuries as a proximate result of such accident.

The Louisiana statute makes no hostile discrimination against him, the nonresident, but tends to put him on the same footing as a resident.

Counsel for mover advert to the fact that prior to its amendment in 1932, the present word "employee", in the aforementioned Louisiana Act 86 of 1928, read "chauffeur", and infer that it is reasonable to conclude that the decision in Day v. Bush, 2nd Cir., 18 La.App. 682, 139 So. 42, 43, on January 14, 1932, suggested the advisability of the amendment; and counsel argue that the Legislature deliberately narrowed the operating ambit of the statute so that it is only when the nonresident owner physically operates his automobile on Louisiana highways or directs his hired employee to so do for him (whether he, himself, be occupant of the vehicle or not), that such nonresident can be legally held to have authorized service of process to be made upon him, the Secretary of State, in any action or proceeding against him, said nonresident, growing out of any accident in which his motor vehicle becomes involved while being operated on a Louisiana highway.

In Day v. Bush, supra, the plaintiff Day, without even alleging that Bush, the alleged nonresident owner of the automobile involved in the accident complained of, had ever been in the State of Louisiana or that Woods, the driver of the car, was to any extent under his control or direction at the time of the alleged accident, without even alleging that Woods was the chauffeur of Bush when the accident occurred, and, finally, with no more description of the nature of Woods' engagement to Bush than the bare allegation that he sold "tobacco and other articles" for him, sought to recover damages from both Woods and Bush for alleged injuries suffered by reason of the asserted negligence of Woods.

Service of process was attempted to be made on Bush under the provisions of (La.) Act 86 of 1928; to which he objected through counsel, who excepted to the jurisdiction of the Court, rationae personae. The exception was sustained and plaintiff's suit dismissed. Affirming the

District Court's judgment, the Court of Appeals observed:

"We are called upon to interpret the Act of 1928 in the light of the facts of this case, as alleged by plaintiff, and particularly the word 'chauffeur' contained therein.

"To hold that the district court of Caddo parish has jurisdiction to hear and determine the merits of this suit against Bush is to hold that every nonresident who has an agent, employee, or other person engaged to him by employment in this state, who travels in the employer's automobile on the public highways in the pursuit of his business, may be impleaded in the courts of the state and forced to appear therein, in any suit growing out of a collision involving said car while operated by said agent or employee. We do not believe the Legislature intended to reach such a case in adopting said act. It does not necessarily follow that because an agent or employee of one person has to operate an automobile to discharge his duties that by so doing he becomes the principal's chauffeur. The word 'chauffeur,' as employed in this act, means the hired operator of the nonresident's automobile, and cannot be extended to include a salesman who operates the principal's car while performing the duties of his employment.

" 'Words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.' C.C. art. 14.

"It seems to us it would be a far-fetched construction of the word 'chauffeur' to hold that Woods sustained that relationship to Bush. Certainly, as commonly understood, Woods would not have been referred to as a chauffeur of Bush. In referring to one person as chauffeur of another, instantly there arises the thought of close relationship between the two, a relationship akin to master and servant, one of respondeat superior. As Bush lived in the state of New York and Woods was a resident of Louisiana, their relationship, under the facts of the case, repels the idea of the latter being the chauffeur of the former."

It was in view of this, presumably, that the Legislature, in its amendment evidenced by the Act 184 of 1932, substituted "employee" for "chauffeur".

But a nonresident owner of a motor vehicle, while making use of a Louisiana highway for his own purposes, and, then and there occupying his car, can still operate such motor vehicle through another person, not his employee, notwithstanding said amendment, and be deemed to have appointed the Secretary of State as his lawful attorney for serving him, the nonresident, once his journeying takes him beyond the boundaries of Louisiana, with lawful process in any action or proceeding growing out of any automobile accident in which he may have become involved while so operating his car upon Louisiana highways.

The amendment of "chauffeur" into "employee" in no wise altered the legal situation previously existing, that is to say, as to operation of a motor vehicle by its owner, then and there occupying his car and using the highway for his own personal purposes, though the physical handling of the steering equipment, etc., is being done for him by another, acting by his consent and authority under his immediate view, supervision and control.

However, if the situation be that of a person driving the nonresident owner's motor vehicle on a Louisiana highway, out of the presence of the owner who is not even within the state, then, such driver must be the owner's authorized employee before it can be legally held that his act of so operating the car upon Louisiana highways is the operating of the owner.

Mover's Counsel also cite Spearman v. Stover, La.App. 2nd Cir., 1936, 170 So. 259, and Brassett v. United States Fidelity & Guaranty Co., La.App., Orleans 1934, 153 So. 471, in support of their contention that the statute in question must be strictly construed, because in derogation of common rights.

In the first mentioned case, it affirmatively appeared from the record that the prescribed "follow-up" notice to the nonresident sought to be made party to an action in a Louisiana Court by service through the Secretary of State, was not given subsequently to the service on that official.

Said the Court: " * '* * the requirements of the act were not fully complied with, and service of process on defendant Stover was not effected. * * *" 170 So. at page 264.

In the second case, the nonresident owner of the automobile involved in an intersectional collision, a traveling salesman from Alabama drove his car to New Orleans and, necessarily, on Louisiana highways. After registering in a New Orleans hotel, he temporarily went away from the city, leaving his car in storage, but having

first authorized its use during his absence by the hotel clerk, who was his friend. While this clerk was driving the car in New Orleans for his own purpose, and while said nonresident owner thereof was out of the State of Louisiana, the clerk and car became involved in the accident which gave rise to the damage suit filed against the nonresident owner, the clerk to whom he had so loaned his car and who had invited the plaintiff to ride with him, the owner's insurance carrier, and the owner and operator of the other car collided with.

The nonresident owner, under such a state of facts, filed an exception to the jurisdiction ratione personae, which was properly sustained by the District Court. That Court's opinion reads, in part, viz [153 So. 472]:

"Defendant argues that the act only vests jurisdiction in the courts of this state over nonresidents, first, where the nonresident is operating his car and is involved in an accident, and, second, where his authorized employee is operating the car and meets with an accident, and, therefore, the statute is inapplicable where the nonresident has loaned his car to a friend who causes injury or damage to another when driving it.

"It appears that the question presented has not been decided in this state. * * *"

Then follows a discussion of New York cases, viz.: 1. Zurich General Accident & Liability Ins. Co. Ltd., of Zurich, Switzerland v. Brooklyn & Queens Transit Corporation et al., 1930, 137 Misc. 65, 241 N.Y.S. 465; 2. Jones v. Newman, 1930, 135 Misc. 473, 239 N.Y.S. 265; 3. O'Tier v. Sell, 1930, 252 N.Y. 400, 169 N.E. 624, 625, the second of which, in so many words, definitely establishes that the nonresident owner of the motor vehicle involved in the accident forming the basis of the action was not present in the state of accident, his car being driven at the time of occurrence by another person within the state with his permission express or implied.

In the first case, it appears that a similar state of facts undoubtedly existed, although there is no express statement to that effect in the decision.

In the third case, Sell, the nonresident and an employee of the Franklin Company, drove into Syracuse, N. Y., from his state, Pennsylvania, to attend a convention of the Franklin Company employees, and called at the factory to complain of some minor trouble in the functioning of his automo-

bile. He and a representative of the factory drove the car out together in an attempt to locate the trouble; the car was then left at the factory and on a subsequent day the factory representative, unaccompanied by the complaining nonresident owner, again drove the car upon New York highways for another check-up, when he and the car became involved in an accident, out of which arose the suit against the nonresident owner.

In none of the three cases was the nonresident owner held amenable to process in New York by delivering the summons and a copy of the complaint to the Secretary of State; and very properly so.

The Court of Appeal decision in said Brasset v. United States Fidelity & Guaranty Co. case, after having so referred to and commented upon said three New York cases, then reads: "See, also, Morrow v. Asher, D.C.1932, 55 F.(2d) 365; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L. Ed. page 1091."

The decision in the first case does not even suggest remotely that the nonresident of California was in the State of Texas, wherein the plaintiff alleged that "one McVey was the agent, servant and employee, of Alfred Asher, and was in his usual course of business, and was carrying on the business of his employer, the said Alfred Asher, and on said date was operating a car owned by the said defendant and was using the highways of the State of Texas for the purpose of transporting a car from Texas to California."

The Texas statute reading: "The acceptance by a non-resident of this State of the rights, privileges and benefits of the public highways * * * as evidenced by his operating a motor vehicle or motorcycle on any such public highway * * * shall be deemed equivalent to an appointment by such non-resident of the Chairman of the State Highway Commission of this State, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful process in any civil action or proceeding * * * growing out of any accident or collision in which said non-resident may be involved while operating a motor vehicle * * * on such public highway * * *" (Vernon's Ann. Civ.St. art. 2039a, § 1) and the nonresident California owner not having been in the car alleged to have been so operated by McVey, in his reputed capacity of agent, servant and employee of such owner, the Court apparently relying strongly on O'Tier v. Sell,

held such California nonresident not amenable to the attempted constructive service.

The sole question at issue in Hess v. Pawloski was whether a similar Massachusetts statute, reading substantially as the Texas one quoted from hereinabove, contravened the due process clause of the Fourteenth Amendment; and the Supreme Court held that it did not.

The plaintiff's declaration, so reads the Supreme Court decision, alleged that the nonresident owner from Pennsylvania operated his motor vehicle negligently and wantonly on the Massachusetts highways and became involved in an accident, as to which followed the Court action in question; and service of process having been made under the provisions of the Massachusetts statute referred to, he moved to dismiss on the ground that said service of process, if sustained, would deprive him of his property without due process of law.

According to the syllabus of the Brassett case, supra, and apparently properly so, in view of the cases referred to in support of the affirmance of the lower Court's dismissal of the action under the exception to the jurisdiction of the Court ratione personae, the Court of Appeal held no more than this: "Statute authorizing service of process on secretary of state as agent of nonresident automobile owner in suits arising out of operation of automobile on highways of state Held not to authorize such service where owner was outside state at time automobile driven by person not his authorized employee was involved in collision (Act No. 184 of 1932)."

Duncan v. Ashwander, D.C.W.D.La. 1936, 16 F.Supp. 829, 831, was decided 4 years later than Morrow v. Asher from the Northern District of Texas, and unlike the earlier "Texas Case", presented no situation of a nonresident owner, not only not occupying the motor vehicle involved in the accident which gave rise to the litigation but not in the state at the time of the occurrence; in such later "Louisiana Case", the nonresident from Alabama, whilst then and there occupying his automobile and bent upon the pursuit of his own purposes, used the Louisiana highways for the operation thereon of his said car, by and through the physical acts of his 16-year-old son, and became involved in an accident on a Louisiana highway.

The nonresident Ashwander, in like strain as does the nonresident White here, contended that since he was not physically "operating" his car, and since his minor son was neither his "chauffeur" nor authorized "employee", the attempted constructive service of process on him through the Secretary of State could not be legally sustained, but Judge Dawkins quite properly brushed this aside by his simply-worded but effective observation, which is quite applicable to the situation in this "White Case", viz: "If, unable or not preferring to drive myself, I induce another to go along and perform that service in carrying me on my journey, either as an accommodation or because of his desire to also make the trip, he thereby does so with my authority and in law as my agent."

The legal principle "He who acts through another acts himself" was peculiarly applicable in Duncan v. Ashwander, and so it is, also, in this present case.

Therefore, the motion to dismiss this action (as it relates to the mover, Walter H. White), for lack of jurisdiction ratione personae, should be denied; and, likewise, insofar as such motion sets up insufficiency of process and insufficiency of service of process under the (La.) Act 86 of 1928, as amended by Act 184 of 1932, inasmuch as neither the record nor the legal requirements justify the same.

Accordingly, said motion to dismiss is denied.