WEDEKIND v. McDONALD (two cases).

KINZEL v. McDONALD (two cases).

Civ. T. No. 1535–1538.

United States District Court
S. D. Florida, Tampa Division.

Sept. 20, 1948.

John L. Early, of Sarasota, Fla., and Shackleford, Farrior, Shannon & Harrison, of Tampa, Fla., for plaintiffs.

Thomas W. Butler, of Sarasota, Fla., and Macfarlane, Ferguson, Allison & Kelly, of Tampa, Fla., for defendant.

BARKER, District Judge.

These cases are before this Court on defendant's motions to dismiss both counts of the declarations filed in the State court on several grounds, and defendant's motion to strike certain portions of both counts. The principal question presented to the Court upon the arguments conducted on the motions concerns the defendant's right to a dismissal of the first count in each of the declarations wherein it is alleged that a motor vehicle owned by the defendant was caused to collide with the automobile in which the plaintiffs were riding as a result of the negligence of the driver of the defendant's vehicle who was operating the same with the defendant's knowledge and consent.

It appears from the record that service was obtained in these actions under Section 47.29, Florida Statutes 1941, F.S.A., making the Secretary of State of Florida the agent of non-resident automobile owners for the purpose of accepting service of process upon such non-resident owners in actions originating under certain conditions. Special appearance and motion to quash the process was duly filed in the State court by the defendant in each of the actions, and the Judge of that Court denied the motions to quash and ordered the defendant to plead. Whereupon removal proceedings were taken by the defendant and the cases were removed to this Court. The transcripts of pleadings in the State court were filed with this Court within the time allowed by law, and, at the same time, the defendant filed the motions now before this Court.

Section 47.29, Florida Statutes, 1941, F.S.A., reads as follows:

"The acceptance by a person, who is a resident of any other state or country, of the privilege extended by law to non-resident owners of driving or operating a motor vehicle, or of having the same driven

or operated, or permitting the same to be driven or operated in the State of Florida, as evidenced by the operation by himself, his servant, employee or agent, of a motor vehicle in the State of Florida, or the operation by such a person, by himself, his servant, employee, or agent, of a motor vehicle in the State of Florida, shall be deemed equivalent to an appointment by him of the secretary of state of the State of Florida as his agent upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which such person, his servant, employee or agent, may be involved, while operating a motor vehicle in the State of Florida, and said acceptance or operation shall be signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally."

■ The statute expressly limits the appointment of the Secretary of State as agent for acceptance of service of process to those cases wherein a non-resident owner has driven his motor vehicle or has permitted it to be driven in the State of Florida "as evidenced by the operation by himself, his servant, employee or agent". This statute is in derogation of the common law and must be strictly construed, and an interpretation which would permit the statute to be applied where the motor vehicle was being operated by anyone other than the owner, his servant, employee, or agent would not only be an extremely broad and liberal interpretation but would contravene the express provisions of the statute. The following authorities support this view and there would appear to be no cases to the contrary: Zurich General Accident & Liability Ins. Co., Ltd., of Zurich, Switzerland v. Brooklyn & Queens Transit Corporation, 137 Misc. 65, 241 N. Y.S. 465; Brassett v. U. S. Fidelity & Guaranty Co., La.App., 153 So. 471; Morrow v. Asher, D.C., 55 F.2d 365.

■ It is contended by the plaintiffs that even though the statute would not have supported service of process upon the Secretary of State if the first count had been the only count of the declarations, the defendant once properly brought before the Court to answer the second count of each declaration wherein it is alleged that the driver was the servant and employee of the defendant can not complain of the Court's jurisdiction over his person as to the first count. This contention is obviously fallacious and this Court holds that each count must stand or fall under the statute upon its own allegations unless the defendant has waived his right to object to the jurisdiction of the Court over his person as to any count.

■ As outlined above, defendant filed special appearance and motion to quash in the State court and thereby raised proper and timely objections to that Court's jurisdiction over his person. These objections went to the whole of the causes of action and should have been sustained by the State court with reference to those counts which could not find support in the statute. However, the State court denied the motion to quash and defendant thereupon immediately perfected proceedings for removal. Such proceedings have repeatedly been held not to constitute a general appearance or a waiver of the defendant's right to contest jurisdiction over his person in the Federal Court. See Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 406, 49 S.Ct. 360, 73 L.Ed. 762; General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Hassler, Inc., v. Shaw, 271 U.S. 195, 46 S.Ct. 479, 70 L.Ed. 900, and cases cited therein.

■ Nor did the fact that defendant failed to file special appearances in this Court constitute a waiver of his right to object to the Court's jurisdiction over his person as to the first count of each declaration. Under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., defendant's objections to jurisdiction over his person or the sufficiency of service of process must be made by motion directed to the complaint and no provision is made for special appearance as a prerequisite to the filing of such a motion. And no provision is made in the rules for filing objections to jurisdiction or to service of process before other attacks are made upon

the complaint, Rule 12 providing in effect that all defenses properly raised by motion should be consolidated and that no defense is waived by reason of being joined with other defenses. In the following cases decided under the rules, it was held that the defendant had not waived objections to the Court's jurisdiction over his person under facts similar to those outlined above. Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624; Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491. This 'Court holds that the defendant did not waive his right to object to jurisdiction over his person for the purposes of the first count in each declaration, and that his motions were sufficient to raise the question. This decision accords with the rule established in Harkness v. Hyde, 98 U.S: 476, 25 L. Ed. 237; Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942; Mexican Central R. Co. v. Pinkney, 149 U.S. 194, 13 S.Ct. 859, 37 L.Ed. 699; Galveston H. & S. A. R. Co. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248.

The defendant's motions to dismiss the second count of each of the declarations are without merit. The defendant's motions to strike portions of the second count of each of the declarations are well taken and will be granted. Defendant will prepare orders.