147 So.2d 618 (1962)
Irene Wells WILSON, Appellant,
v.
Herman D. MILLIGAN, Appellee.
No. 3095.
District Court of Appeal of Florida. Second District.
December 7, 1962.
*619 R.G. Tittsworth, of Tittsworth & Tittsworth, Morris E. White and Marvin E. Barkin of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellant.
Oliver L. Green, Jr., of Oxford & Oxford, Lakeland, for appellee.
SMITH, Judge.
This is the third appearance of this cause before this court. Plaintiff, Herman D. Milligan, appellee here, filed his complaint against defendant, Irene Wells Wilson, appellant here, suing upon a judgment entered in his favor by the Circuit Court of Accomack County, Virginia. The court granted the defendant's motion to dismiss. Upon appeal, this court held that the complaint was adequate to withstand the motion to dismiss and reversed the judgment for the defendant. Milligan v. Wilson, Fla.App. 1958, 107 So.2d 773. The specific issue determined there was, that in this action on a foreign judgment, the plaintiff is not required to allege more than the judgment and that questions of lack of jurisdiction should be brought forth in the answer.
The defendant answered alleging that the Virginia Court was without jurisdiction to enter the judgment in that the defendant did not appear in that action, was not personally served there, and service upon her was not proper under the Non-Resident Motorist Statute of Virginia, § 8-67.1 of the Virginia Code. The defendant also alleged that the only process on which the Virginia judgment was rendered was under the Non-Resident Motorist Statute, supra, and that the defendant, at all times material to that action, was a non-resident of Virginia and a resident of Florida; that the defendant was not the operator of the motor vehicle causing the alleged injuries to the plaintiff; that the operator of the motor vehicle, although alleged by the Virginia complaint to be the defendant's servant, agent or employee, was not the servant, agent or employee of the defendant when the cause of action arose and was not acting within the scope of any alleged agency or employment; that the Virginia complaint did not allege that at the time of *620 the injury the operator of her motor vehicle was operating the same within the scope of his agency or employment, and that the operator was not operating the automobile as an employee or agent of the defendant; and, that the motor vehicle was not being operated by the defendant or an employee of the defendant within the scope of his employment or agency.
Both parties moved for summary judgment. The court entered summary judgment in favor of the defendant, for the reason that there was no allegation in the Virginia complaint that the defendant was a non-resident of the State of Virginia and, therefore, the record of the Virginia proceedings established the fact that that court was without jurisdiction to render said judgment and that the judgment was null and void. Upon appeal, this court noted that the Virginia record showed a certificate of service upon the Commissioner of Motor Vehicles and letters of compliance with the statute by the Commissioner and that copies of the notice of service were mailed to the defendant in Florida. The judgment was reversed for further proceedings consistent with that opinion. Milligan v. Wilson, Fla.App. 1961, 130 So.2d 644. Upon remand, the plaintiff moved for summary judgment, relying entirely upon this court's last opinion. The court granted final summary judgment in favor of the plaintiff, stating that:
"The Motion for Summary Judgment is well taken in that all of the issues to be determined in this cause, as reflected by the pleadings and the exhibits attached thereto, were settled by the opinion." (This was a reference to our opinion of 1961, supra.)
It is necessary to consider the one question on appeal in two parts; that is (1) whether or not all of the issues to be determined in this cause were settled by our last opinion; and if not, (2) does the record reveal a genuine issue of material fact, as to whether or not the defendant was amenable to service of process under the Virginia Code, thereby precluding the entry of a summary final judgment.
In determining whether or not all of the issues to be determined in this cause were settled by our opinion of 1961, supra, it is noted that that opinion dealt solely with the entry of a summary judgment in favor of the defendant presented upon the defense of lack of jurisdiction of the Virginia court as alleged in the defendant's answer. The motion was supported by various documents from the record of the Virginia proceedings and the court, therefore, entered the summary judgment for the defendant on the ground that there was no allegation in the Virginia proceedings that the defendant was a non-resident at the time the cause of action accrued. The total effect of that opinion was to hold that the record of the Virginia proceedings did not establish the fact that the Virginia court did not have jurisdiction of the defendant in that proceedings and, therefore, the court was in error in granting the summary judgment for the defendant. On remand, the court was, therefore, in error in construing that opinion as having the effect of determining all of the issues in this cause. Under the prior decisions in this cause, it has been established that it is a valid defense to an action on a foreign judgment if the defendant establishes that the judgment was rendered without jurisdiction over the person of the defendant. Where there is such a jurisdictional defect, the foreign judgment is subject to collateral attack. The validity of the judgment is generally determined by the law of the State of Virginia, the place of its rendition.
The Statute involved is § 8-67.1 of the Code of Virginia, which is as follows:
"The acceptance by a nonresident of the rights and privileges conferred by article 6 (§ 46-110 et seq.) of chapter 3 of Title 46 as evidenced by his operation, either in person or by an agent or employee, of a motor vehicle, trailer or semitrailer hereunder, or the operation by a nonresident, either in person *621 or by an agent or employee, of a motor vehicle, trailer or semitrailer on the highway in this State otherwise than under such article, shall be deemed equivalent to an appointment by such nonresident of the Commissioner of the Division of Motor Vehicles or his successors in office to be the true and lawful attorney of such nonresident upon whom may be served all lawful process against and notice to such nonresident in any action or proceeding against him growing out of any accident or collision in which such nonresident or his agent or employee may be involved while operating a motor vehicle, trailer or semitrailer on such highway and such acceptance or operation shall be a signification of his agreement that any such process against or notice to him which is so served shall be of the same legal force and validity as if served upon him personally in the county or corporation in which such accident or collision occurred or in which a resident defendant, if any, resides.
"Such nonresident operator of a motor vehicle which is involved in an accident or collision in this Commonwealth shall likewise be deemed to have consented that the appointment of the Commissioner of the Division of Motor Vehicles or his successors in office, as the true and lawful attorney of such nonresident, upon whom may be served all lawful process and notice pursuant to the provisions of law pertaining thereto, shall be irrevocable and binding upon the executor, administrator or other personal representative of such nonresident. Where such nonresident has died prior to the commencement of an action against such nonresident pursuant to the provisions of law pertaining thereto, service of process or notice shall be made upon the executor, administrator or other personal representative of such nonresident in the same manner and on the same notice as is provided in the case of such nonresident motorist. Where an action has been duly commenced against such nonresident operator, pursuant to the provisions of law pertaining thereto and such nonresident dies after the commencement of such action, the action shall continue and shall be irrevocable and binding upon the executor, administrator, or other personal representative of such nonresident, with such additional notice of the pendency of the action as the court deems proper.
"The term `nonresident' includes any person who though resident when the motor vehicle accident or collision occurred, has been continuously outside the State for at least sixty days next preceding the day on which notice or process is left with the Commissioner. (1932, p. 630; 1934, p. 392; 1938, p. 32; Michie Code 1942, § 2154(70); 1948, p. 516; Michie Suppl. 1948, § 2154(70a); 1950, p. 620; 1952, c. 681)."
The record here establishes the fact that service of process was made upon the defendant entirely pursuant to that statute. The question thus narrows itself to: whether or not the owner of a motor vehicle which is operated in Virginia by another person may establish as a defense to a Virginia judgment, entered after service of process pursuant to the above statute, the fact that the operator of the motor vehicle was neither the agent nor employee of the defendant-owner, thereby establishing that the defendant-owner was not susceptible to service of process under that statute and that any judgment so entered was subject to collateral attack and a nullity.
In Barber v. Textile Machine Works, 1941, 178 Va. 435, 17 S.E.2d 359, the trial court had sustained a plea of jurisdiction by a Pennsylvania corporation. The court stated the question on appeal to be whether the driver of the motor vehicle involved in the accident in Virginia was the defendant's agent so as to subject the defendant *622 to the statutory provision for service. In that case, the court determined that the operator was the agent and that his employer was susceptible to such service, indicating that that court held that there must be a showing that the automobile was operated by the agent of the defendant-owner before the owner is susceptible to service of process under the Virginia Statute.
Non-resident motorist statutes are many in number and diverse in language. Some of these statutes, like that of Virginia, and the former version of § 47.29, Florida Statutes, F.S.A., require that the non-resident defendant be either the operator of the motor vehicle or the operator's principal or employer before he can be amenable to process by such a statute. Other statutes completely dissimilar to the Virginia Statute involved here; for example, the present § 47.29, Florida Statutes, 1961, F.S.A., make it sufficient for service of process that the non-resident operate or permit his motor vehicle to be operated with his knowledge, permission, acquiescence or consent within the State. It is the general rule that such statutes as the Virginia Statute in question do not apply to a non-resident owner whose motor vehicle is operated in the state with his consent by one not his agent or employee. 5A Am.Jur. 778, Automobiles and Highway Traffic, § 863; Brassett v. United States Fidelity & Guaranty Co., La. App. 1934, 153 So. 471; Wilson v. Hazard, D.C.Mass. 1956, 145 F. Supp. 23; Hayes v. Jansen, D.C.S.D.Iowa 1950, 89 F. Supp. 1; Hayes Freight Line v. Cheatham, Okla. 1954, 277 P.2d 664, 48 A.L.R.2d 1278; Wedekind v. McDonald, D.C.S.D.Fla. 1948, 82 F. Supp. 678. It is well settled in Florida, as well as in Virginia, that such a statute for substituted service of process on a non-resident must be strictly construed and that it must not be applied to persons who are not clearly within its purview. Conway v. Spence, Fla. App. 1960, 119 So.2d 426; Warner v. Maddox, W.D.Va. 1946, 68 F. Supp. 27.
Upon the above authorities, we therefore hold that in order for a defendant to be amenable to service of process under the Virginia Statute, the defendant-owner must be personally operating the motor vehicle, or the person operating the motor vehicle must be the defendant-owner's agent or employee.
The fact that both parties moved for summary judgment does not require a determination that there is no genuine issue of material fact. West Shore Restaurant Corp. v. Turk, Fla. 1958, 101 So.2d 123; Chirico v. Dew, Fla.App. 1959, 113 So.2d 597. A movant may not, however, specifically ask for a summary judgment or decree and assert that there was no genuine issue of fact on a specific question and then on appeal take the contrary position that there was a material issue of fact on the same question. Geiser v. Permacrete, Inc., Fla. 1956, 90 So.2d 610, 612.
The Virginia complaint alleged that the motor vehicle was being operated by the defendant-owner's servant, agent or employee. The defendant-owner's answer to the Florida complaint on the judgment alleged that the defendant-owner was not operating the motor vehicle in the State of Virginia and that the operator was not her agent or employee. There was thereby created an issue on the pleading. The affidavit submitted by the plaintiff in support of the motion for summary judgment does not state facts pertaining to that defense. The defendant did not submit any affidavits or other proof of that defense. Thus, there was an issue which precluded the entry of the summary final judgment in favor of the plaintiff. Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305; 6 Moore, Federal Practice, 2d ed., par. 56.17 (4); 3 Barron & Holtzoff, Federal Practice and Procedure, § 1244, p. 203; 35B C.J.S. Federal Civil Procedure § 1149, p. 547.
The summary judgment is reversed.
SHANNON, C.J., and WHITE, J., concur.