181 So.2d 187 (1965)
GLENS FALLS INSURANCE COMPANY, Appellant,
v.
J.A. FIELDS, A. Ross Evans, R.E. Persons and Edwin A. Rose, partners, trading and doing business as Fields Building Supply, Appellees.
No. G-307.
District Court of Appeal of Florida. First District.
December 14, 1965.
Rehearing Denied January 11, 1966.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellant.
Brannon, Brown, Norris & Vocelle, Lake City, for appellees.
RAWLS, Chief Judge.
Appellant, Glens Falls Insurance Company, appeals a final summary judgment entered against it in this garnishment action and in favor of Appellee, Fields Building Supply.
The sole question presented concerns the trial judge's refusal to hold that certain exclusionary clauses contained in a contract of insurance entitled "Manufacturer's and Contractor's Liability Policy" between Glens Falls and its insured Neils H. Brorson, a contractor, rendered the insurer not liable.
*188 The facts are not in dispute. Fields Building Supply rented a mobile crane and crane operator at an hourly rate, for the purpose of lifting a cement silo and placing same on a truck. While the silo was suspended in midair, the crane boom collapsed and the silo was totally destroyed. Fields brought suit against the contractor, alleged that he was negligent in not keeping the crane in good repair, and recovered a judgment in the sum of $2,022.00. The instant writ of garnishment was sued out by Fields against Glens Falls upon the mentioned contract of insurance.
Glens Falls defended the garnishment action primarily upon the theory that the destruction of the silo came within that part of the policy entitled "Exclusion" and which reads:
"This policy does not apply:
* * * * * *
"(1) under coverage B, to injury to or destruction of * * * (3) * * * property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control * * *."
Simply stated, it is Glens Falls's contention that since the silo was in the physical control of the crane operator, who was employed by the contractor, it necessarily follows that the silo was in the care, custody or control of the insured (contractor) within the meaning of the foregoing provision when the collapsing of the boom resulted in its destruction. Fields rebuts this contention upon the theory that it had not only rented the crane but also rented the operator's time; that the operator was handling the crane in accordance with the directions of a junior partner for Fields; thus the silo was not in the care, custody, or control of the contractor, but on the contrary, Fields was exercising control over the object. The insurance company relies to a great extent upon the deposition of the crane operator in which he testified that he, the only person in the crane cab, was operating the crane and that Fields's junior partner, Rose, did not give him directions as to when to pick up the object or when to put it down. In support of its position, Fields quotes from the deposition of the contractor Brorson, in which he testified that he was not present at the work site and that the work was to be accomplished under the direction of Rose. Fields also relies upon portions of the crane operator's deposition, the gist of which is to the effect that when he arrived at the work site, he waited for Rose because he was to do with the machine whatever Rose directed him to do and that he was acting under Rose's directions when the accident happened. Under this factual situation the trial judge denied the insurance company's motion for summary judgment, and in rendering the summary judgment for Fields, he necessarily found that the silo was not in the care, custody or control of the contractor within the exclusionary provisions of the subject contract of insurance.
The insurer contends in its brief that "a case with facts and issues almost identical to those of the case at bar is International Derrick and Equipment Co. v. Buxbaum (3rd C.A.Penn. 1957) 240 F.2d 536." There International contracted with Buxbaum to raise a T.V. mast using his own equipment including a gin pole which he mounted on top of the tower to support the mast during the lift. The mast had been partially raised when the gin pole suddenly bent and caused the mast to fall to the ground damaging the mast beyond repair. The trial court in rendering judgment against Buxbaum in a negligence action brought by International found that although Buxbaum did not have a proprietary type of control of the antenna, it did have a control in the nature of a possessory handling of the antenna for the purpose of its erection in accordance with the terms of the contract, because Buxbaum had exclusive control as to the choice of equipment and its use, the timing, and the various details incident to the actual erection of the antenna mast. The court further observed that the broadcasting company's engineer and general manager were *189 present only to control possible damage to the equipment during the lifting operation, but neither took any part in the actual supervision. Fields insists, and we agree, that the facts in the International case are distinguishable from those present in the case sub judice by reason of the evidence as to which party was in control of the silo.
In construing a similar exclusionary provision in an insurance contract this court recently held against the insurer's contention of nonliability in the case of Michigan Mutual Liability Company v. Mattox, 173 So.2d 754 (1965). There, an electrical subcontractor had completed the installation of extensive electrical wiring and a main switchboard in a new building pursuant to a contract with the general contractor. The subcontractor had delivered to the contractor the key to the room where the completed switchboard was situated. At a later day, an employee of the subcontractor while assisting certain electrical inspectors activated a circuit breaker on the switchboard which action caused extensive damage. As in the case at bar, the insurance company resisted liability upon the verbiage of an identical exclusionary provision, by contending that the switchboard was in the "care, custody or control" of the insured (subcontractor) at the time of the accident which caused the damage.
Although not factually on all fours, we conclude that the reasoning in the Michigan Mutual case is applicable to the facts in the case at bar. There, in citing Elcar Mobile Homes, Inc. v. D.K. Baxter, Inc., 66 N.J. Super. 478, 169 A.2d 509 (1961), we adopted the following construction of the controverted exclusionary provision:
"We are of the opinion that what constitutes `care, custody or control' or `exercising physical control' depends not only upon whether the property is realty or personalty, but as well upon many other facts, such as the location, size, shape and other characteristics of the property, what the insured is doing to it and how, and the interest in and relation of the insured and others to it. Whether the property is realty or personalty, and the precise legal relationship of the insured and others to it, may be material in a given situation; but when they are, they are merely facts (more or less important, depending upon the circumstances) to be taken in conjunction with all other facts, in determining whether there is exclusion."
The undisputed facts in the instant case disclose that the "proprietary control" of the silo was vested in Fields by reason of their ownership, and "possessory control" of same was exercised by Fields through the direction of their junior partner, Rose, to the crane operator, so the exclusionary provision is not applicable to the facts in the case at bar.
Finally, Glens Falls contends that the remedy of summary judgment was not available to Fields because a "material issue of fact" as to the care, custody or control of the silo was presented. We observe that Glens Falls moved for a summary judgment upon the contention that there was no genuine issue of material fact as to the care, custody or control of the silo, and that Fields filed a similar motion. The following conclusion reached by the Second District Court of Appeal in the case of Wilson v. Milligan, 147 So.2d 618 (Fla.App. 1962), is applicable to the facts here presented, viz.:
"A movant may not, however, specifically ask for a summary judgment or decree and assert that there was no genuine issue of fact on a specific question and then on appeal take the contrary position that there was a material issue of fact on the same question. Geiser v. Permacrete, Inc., Fla. 1956, 90 So.2d 610, 612."
Furthermore, an examination of the evidence in the case at bar fails to disclose an issue of a material fact. The trial judge *190 was confronted with the uncontradicted testimony of all parties which supports his conclusion. The judgment is
Affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.