197 So.2d 17 (1967)
CENTRAL INVESTMENTS, INC., an Indiana Corporation, Appellant,
v.
OLD SOUTHERN GOLF UTILITY CORP., a Florida Corporation, Public Utilities Corporation, and Sunrise Golf Development Corporation, Appellees.
No. 520.
District Court of Appeal of Florida. Fourth District.
March 22, 1967.
*18 John I. Jacobson, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellant.
Talbot D'Alemberte, of Scott, McCarthy, Steel, Hector & Davis, Miami, and Abrams, Anton, Robbins & Resnick, Hollywood, for appellees.
CROSS, Judge.
Plaintiff (appellant), Central Investments, Inc., as a minority stockholder of one of the defendant corporations (appellees), Old Southern Golf Utility Corporation, filed a stockholders' derivative action to enforce a corporate right, appeals a summary final decree entered in favor of each of the defendants (appellees), Old Southern Golf Utility Corporation, Public Utilities Corporation and Sunrise Golf Development Corporation.
On January 15, 1960, one Gerber, as trustee for Malaleuca Farms, conveyed certain acreage known as Sunrise Golf Village to the defendant, Sunrise Golf Development Corporation. The acreage was conveyed with the understanding that Gerber was to have one-third interest in the future utilities as the land developed.
Sunrise Golf Development Corporation was the title holder and was established as the developer, and Sunset Golf Homes, Inc., was established as the building corporation. Subsequent to the chartering of the above corporations Old Southern Golf Utility Corporation was formed as the utility company. The officers and directors of the above three corporations were identical and all shareholders were identical except for the one-third interest of Gerber in Old Southern Golf Utility Corporation. Plaintiff, Central Investments, Inc., purchased the interest of Gerber.
The developer, Sunrise Golf Development Corporation, owned the sewer and water lines in Sunrise Golf Village. These utilities had been constructed by the developer, and it had indicated its willingness to deed them over to Old Southern Golf Utility Corporation.
Utility bills to the residents of Sunrise Golf Village were sent in the name of Old Southern Golf Utility Corporation, and this corporation was listed in the telephone directory at the same address and at the same telephone number as the other corporate defendants.
Old Southern Golf Utility Corporation continued as the utility company in Sunrise Golf Village until sometime in the fall of 1962 when a letter was circulated from Public Utilities Corporation (a new corporation organized by and with the same officers and directors of the above named corporation) saying that in the future utility bills should be paid to Public Utilities Corporation and that this corporation had received the franchise from the City of Sunrise Golf Village.
On September 24, 1962, Old Southern Golf Utility Corporation transferred by bill of sale all of the assets of Old Southern including but not limited to all the accounts receivable, books, records, deposits and water meters to Sunrise Golf Development Corporation, who in turn on the same day conveyed these exact assets over to the new *19 utility company, Public Utilities Corporation. Plaintiff, Central Investments, Inc., received no right, interest, stock or any indicia of ownership in the new Public Utilities Corporation.
Plaintiff filed its complaint to nullify the transfer of the assets of Old Southern Golf Utility Corporation to Public Utilities Corporation contending the officers and directors of Old Southern Golf Utility Corporation had followed a calculated device, scheme and conspiracy to maneuver the affairs of the corporation in such a way as to transfer all assets and rights to assets from Old Southern Golf Utility Corporation to Public Utilities Corporation via a scheme with Sunrise Golf Development Corporation towards defeating the rights of the plaintiff. Plaintiff alleged these acts were fraudulently oppressive and a palpable abuse of discretion, negligent and illegal and were ultra vires acts of the defendant corporations.
All defendants filed motions to dismiss and to strike, and before disposition thereof defendants, Sunrise Golf Development Corporation and Public Utilities Corporation, filed answers.
The plaintiff and all defendants moved for a summary decree on the grounds that the pleadings, depositions, admissions, affidavits and exhibits show there is no genuine issue as to any material facts and that each was entitled to a decree as a matter of law. At the hearing the court entered a summary decree for each of the defendants.
Plaintiff on appeal contends the court erred in entering the summary decrees for each of the defendants and not entering a summary decree for it. We agree that the court erred in entering a summary decree for each of the defendants and find that neither the plaintiff nor the defendants were entitled to a summary decree.
Summary proceedings under Fla.R.C.P. 1.510(c), 31 F.S.A., formerly Rule 1.36(c), specifically provides: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"
The function of the court in passing on a motion for a summary decree is to determine whether there is a genuine issue of any material fact and not to determine any issue of fact. Therefore, factual issues may not be tried or resolved in such proceedings. Johnson v. Studstill, Fla. 1954, 71 So.2d 251. A judgment should not be rendered in such proceedings unless the facts are so crystallized that nothing remains but questions of law. Yost v. Miami Transit Co., Fla. 1953, 66 So.2d 214; Shaffran v. Holness, Fla. 1957, 93 So.2d 94.
The party moving for a summary decree has the burden of showing the absence of a genuine issue of fact, and all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. Warring v. Winn-Dixie Stores, Fla.App. 1958, 105 So.2d 915.
Some cases by the nature of the complexity of the issues involved and obscurity of the answers are not susceptible of summary adjudication but require a full exploration by a trial. The granting or denial of a summary decree should be accommodated in a common sense manner to the realities of the litigation at hand.
The factual situation presented to the court was complicated and so admitted by the court in the hearing on the motion for summary decree. Inferences of fraud and the credibility of corporate officers and directors were proffered at the hearing. The record on appeal establishes without doubt that defendants did not show the absence of a genuine issue of material fact. Nor is it material that both plaintiff and defendants had each moved for a summary final decree on the basis that there was no *20 genuine issue of material fact, for the court is not required to so rule, nor does it follow that there is actually no issue merely because both parties so contend. Shaffran v. Holness, supra.
Reversed.
WALDEN, C.J., and MELVIN, WOODROW M., Associate Judge, concur.