JOHNSON, Chief Judge.
The appellant appeals from a summary-judgment entered in favor of the appellee, the Halifax Hospital District, in a suit filed by appellee to recover the amount of a hospital bill incurred by appellant’s mother.
The appellee’s amended complaint, seeking the sum of $1,222.10 for the services rendered appellant’s mother, was based upon the written promise of appellant that she would be responsible for the hospital bill of her mother. In her answer, appellant denied that she executed the instrument at the time her mother was admitted to the hospital, denied that the sum sought was a reasonable value for the treatment rendered to her mother and pleaded by way of affirmative defense that the instrument was void and unenforceable against her because of lack of consideration since it was executed after the services had been rendered and since her mother was a qualified applicant for treatment without charge under appellee’s regulations pertaining to indigent out-patients.
Along with its motion for summary judgment on the ground that there was no genuine issue as to any material fact, ap-pellee submited an affidavit from its credit manager to the effect that if the instrument was executed by appellant, it was executed prior to or at the time of her mother’s admission to the hospital. This statement was based upon appellee’s established business procedure. Said affiant further stated that any patient entitled to admission as an indigent must be interviewed and his financial status investigated prior to or during the time of admission of such patient and that, according to his records, no such application was made by appellant’s mother or any other person for or on her behalf to establish her medical indigen-cy until after her death.
Appellant also moved for summary judgment in her favor on the ground that there was no genuine issue as to any material fact. In opposition to appellee’s motion for summary judgment, appellant submitted her affidavit stating that her mother was an indigent, sick person and had resided in the district for the requisite period of more than one year prior to her illness, but that it was physically impossible for her mother to make application for treatment without charge at the time of her admission to the hospital due to the nature, urgency and seriousness of her illness. She further affirmed that she did not agree to be responsible for her mother’s bill at the time her mother was admitted to the hospital, but did sign some papers at the time her mother’s body was released to her nine days later.
The trial court denied appellant’s motion for summary judgment, granted appellee’s motion and entered final judgment awarding appellee $1,222.10. On this appeal, appellant contends that there were genuine issues of fact presented by her answer, affirmative defense and the affidavits filed as to the reasonableness of the charges for the treatment rendered, the date upon which the instrument containing appellant’s signature was executed and whether or not appellant’s mother was entitled to treatment without charge; and that the lower court erred in entering summary judgment in favor of the appellee. This contention must be sustained.
It is elementary that when a party moves for summary judgment, it has the burden of showing the absence of a genuine issue of material fact. All doubts as to the existence of such fact must be resolved against the moving party, Williams v. City of Lake City, 62 So.2d 732 (Fla.1953), and this court should indulge all proper inferences in favor of the party against whom summary judgment was entered. Harrison v. McCourtney, 148 So.2d 53 (Fla.App.2nd, 1963).
The appellant’s answer contested the reasonableness of the charges and raised the affirmative defense of lack of consideration. In the absence of some proof contradicting, denying or in opposi *145 tion thereto, the pleading of these issues created a genuine issue so as to preclude summary judgment. In examining the pleadings, admissions, affidavits and exhibits on file, it is clear to us that appellee did not show the absence of a genuine issue of fact on the material questions of the reasonableness of the charges and the consideration for the execution of the instrument, both with regard to the date upon which the instrument was signed and appellant’s mother’s eligibility for treatment without charge as an indigent. It was error for the court to enter the summary final judgment, and appellant should be given the opportunity to prove her defenses.
Appellee contends that the trial court properly concluded the matter on the record then before it since both appellee and appellant moved for a summary judgment. This contention is without merit for, as stated in Shaffran v. Holness, 93 So.2d 94, 98 (Fla.1957):
‘Nor is it material that both plaintiff and defendants had each moved for summary final decree on the basis that there was no genuine issue of material fact, for the court is not required to so rule, nor does it follow that there is actually no such issue, merely because both parties so contend.” (Citations omitted.)
In support of its position, appellee cites Glens Falls Insurance Company v. Fields, 181 So.2d 187 (Fla.App.lst, 1965), which held that a party may not ask for a summary judgment and assert that there was no genuine issue of fact on a specific question and then on appeal take the contrary position that there was a material issue of fact on the same question. In that case both parties moved for summary judgment upon the contention that there was no genuine issue of material fact as to the care, custody or control of a silo, and the trial judge was confronted with the un-contradicted testimony of all parties. Such is not the situation in the case at bar. Here, there was no evidence as to the reasonableness of either, the hospital’s charges or its policy regarding indigent?, and there was conflicting evidence as to the date upon which the instrument was signed by appellant.
To accept appellee’s contention that appellant is estopped to complain of the summary decree against her because she also had moved for summary decree would mean that one who made such a motion would be precluded from contesting the correctness of any adverse order entered against him as a result thereof. The decision of Shaffran v. Holness, supra, determines this point contrary to appellee’s contention. West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958).
Accordingly, the judgment appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
RAWLS and SPECTOR, IT., concur.