287 So.2d 146 (1973)
Oscar FRANCIS and Mattie Francis, His Wife, Appellants,
v.
GENERAL MOTORS CORPORATION, a Delaware Corporation, Appellee.
No. 73-213.
District Court of Appeal of Florida, Third District.
December 18, 1973.
Rehearing Denied January 17, 1974.
Michael A. Lipsky, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Joseph W. Womack, Sam Daniels, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
This appeal is by the plaintiffs below from an adverse summary judgment. Plaintiff Oscar Francis alleged injuries proximately caused by his use over an extended period of an automobile undercoating product supplied by the defendant; that the product was inherently dangerous; and that the danger to users was not labeled or shown on the products containers. His wife Mattie Francis joined, claiming loss of consortium. Compensatory and punitive damages were sought.
The defendant denied that the product was inherently dangerous to users; averred it had no duty to give a warning with respect thereto, or to instruct the plaintiff on the use thereof; and pleaded contributory negligence.
We are impelled to conclude it was error to enter summary judgment for the defendant. The pleadings and evidence before the court showed the existence of genuine issues of material fact, relating to negligence, contributory negligence and proximate cause, which properly could not be resolved on motion for summary judgment. See Tampa Drug Co. v. Wait, Fla. 1958, 103 So.2d 603; Williams v. Caterpillar Tractor Co., Fla.App. 1963, 149 So.2d 898; Edwards v. California Chemical Co., Fla.App. 1971, 245 So.2d 259.
We hold to be without merit the contention of the appellee that where the plaintiffs as well as the defendant moved for summary judgment the court thereby became entitled to decide the case by summary judgment notwithstanding the presence of triable issues as to material facts *147 which were in dispute. Where genuine issues of material fact are shown to exist, the fact that both plaintiff and defendant filed motions for summary judgment claiming the non-existence of such issues, will not serve to dissipate them, nor will it entitle the court to decide such triable issues without trial. Shaffran v. Holness, Fla. 1957, 93 So.2d 94, 98; West Shore Restaurant Corp. v. Turk, Fla. 1958, 101 So.2d 123, 126. See 6 Moore's Federal Practice, 2 Ed., § 56.13, wherein it is stated: "The well-settled rule is that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed."
Accordingly, the summary judgment is reversed.