330 So.2d 543 (1976)
Steven A. SPEAR and Josephine Spear, His Wife, Appellants,
v.
Mark J. MARTIN et al., Appellees.
No. 75-2002.
District Court of Appeal of Florida, Fourth District.
April 15, 1976.
Rehearing Denied May 5, 1976.
*544 Joel L. Kirschbaum, of Berryhill, Avery, Schwenke, Williams & Scott, P.A., Fort Lauderdale, for appellants.
Douglas C. Fulton, of Wearn & Fulton, West Palm Beach, for appellees, Martin and Silc.
PER CURIAM.
This is an appeal from an interlocutory order partially granting plaintiffs' motion for summary judgment. We affirm in part and reverse in part.
Plaintiffs sued defendants in a three count complaint, based on the allegation that defendants constructed and used a driveway upon plaintiffs' land. Count I was an action to recover possession of real property unlawfully detained by defendants. The second count alleged that defendants had trespassed on the plaintiffs' land and used it without any right or authority. Count III alleged that defendants had taken possession of the plaintiffs' land and held it without lawful right or title "against the lawful demands for possession by the plaintiffs."
Plaintiffs demanded damages, exemplary damages and possession of the land.
The defendants denied the allegations and filed affirmative defenses. They affirmatively alleged they had acquired an easement by prescription; that they had acquired the property by adverse possession; and that the plaintiffs' claim was barred by the Statute of Limitations and laches. The defendants prayed that title to the property be quieted in their names.
Defendants' motion for summary judgment was denied.
Plaintiffs moved for summary judgment. The trial court entered the appealed order finding for plaintiffs on all accounts except for the issue of intent and damages made by plaintiffs' complaint.
We have examined the record and agree that the defendants' affirmative defense of adverse possession was correctly laid to rest, based on defendants' answers to interrogatories. Thus, the appealed order is affirmed to this extent. However, we feel upon further examination that there clearly remain disputed questions of fact which ban summary disposition as to the other issues drawn by the pleadings. F.R.C.P. 1.510. Simply because both sides move for summary judgment does not mean the court is required to grant one of the motions. Central Investments, Inc. v. Old Southern Golf Utility Corp., 197 So.2d 17 (4th DCA Fla. 1967). The party moving for summary judgment has the burden "to conclusively refute" affirmative defenses raised by the other party. Jenkins v. Graham, 237 So.2d 330 (4th DCA Fla. 1970). Thus, except for the issue of adverse possession the appealed order erroneously entered summary judgment.
The cause is remanded for further proceedings consistent herewith.
*545 AFFIRMED IN PART; REVERSED IN PART and remanded for further proceedings.
WALDEN, C.J., and CROSS and OWEN, JJ., concur.