BARKDULL, Chief Judge.
The defendant, State Farm Fire and Casualty Company, appeals from a $7,636.-67 final judgment for the plaintiffs, Fabian and Carmen Oskierko, after the latter received a partial summary judgment as to liability on a homeowners insurance claim.
Fabian and Carmen Oskierko took out a homeowner’s policy with State Farm; their new home in Goulds, Florida, was under construction at the time. On August 27, 1974, while Mr. Oskierko was away, thieves entered the home and stole, inter *62 alia, appliances, a chestnut bedroom set, blue and gold drapes, and other items. The homeowner filed a claim and State Farm refused to pay, citing the following exclusion:
“This policy does not insure against loss * * * by theft in or to dwelling under construction or of materials or supplies therefor until completed and occupied’’ [emphasis supplied]
The homeowner sued and had partial summary judgment as to liability. A final judgment was entered on a stipulated amount of damages [$7,636.67] and the insurance company appealed.
The appellant contends that summary judgment was improper where issues remained as to whether the house was “completed and occupied”, and that it was error to tax costs for certain items such as depositions not used and mileage for witnesses who were never used.
There was no dispute as to the facts; both parties moved for summary judgment,[1] and we find that the trial court did not err in concluding that the house was completed and occupied.
The house was being built by the appel-lee-husband as an owner-contractor. At the time of the theft, it was completed and capable of occupancy; in fact, it was being occupied by the husband at the time of the robbery. The exterior of the house was completed; all windows and doors were installed and capable of being secured by locks or by closing; the electrical work was completed, as was the plumbing. All appliances were installed, hooked up and capable of working; air conditioning was completed and operable. The inside of the house was completed, except for buffing the floors and some minor painting, neither of which would affect occupancy. The only unfinished governmental requirements were final inspection of electrical, mechanical and plumbing, and issuance of certificate of occupancy. The appellee-husband had, in fact, moved into the house and the appellees had moved a considerable amount of furnishings and personal effects into the house preparatory to the entire family moving into the premises. Therefore, for all practical purposes, the house was completed, except for the aforementioned inspections and the hooking up of the permanent electric, which is done only after the power company is notified by the County that all final inspections have been made.
The appellant contends that until the final inspections have been made and a certificate of occupancy is issued, a house is not completed and capable of being occupied. A house on which construction has been completed but has not had a final inspection is, in fact, completed. The inspection merely evidences the fact that the County has notice of completion of the work and has approved it. The inspection does not require further work to be done but, rather (as its name indicates), is final, meaning the work has been finished prior to the actual inspection. The mere fact that an interval of time elapses between completion of the construction and actual inspection does not render the construction incomplete. The appellant further attempts to show that because the final inspections were not, in fact, made until December of 1974 (some three months after the robbery) there is a clear inference that the house was not completed prior to the robbery. The fallacy of this argument is that the robbery necessitated replacement and repair of stolen and damaged items required for final inspection, which delayed that inspection.
*63 We have also examined the point regarding the award of costs. The parties having awaited until the eve of trial for their motions for summary judgment hearing and the plaintiffs having expended sums in preparation for the trial (scheduled on the next working day), we find that the trial judge did not abuse his discretion in awarding these costs or awarding costs for the taking of the depositions, which were not a part of the file at the time of the summary judgment hearing.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.
CHARLES CARROLL, Associate Judge, dissents.

. It is recognized that just because both sides moved for summary judgment, the trial court is not required, to enter a summary judgment. Osceola County v. Goodman, Fla.App.1973, 276 So.2d 210; Lovelace v. Sobrino, Fla.App. 1973, 280 So.2d 514; Francis v. General Motors Corporation, Fla.App.1973, 287 So. 2d 146.