363 So.2d 1095 (1978)
Emery SCAVELLA by His Parents Yvonne Scavella and Elbridge Scavella, Appellants,
v.
The SCHOOL BOARD OF DADE COUNTY and the Florida Department of Education, Appellees.
Jerry GRACE by His Mother Lisa Grace, Appellants,
v.
The SCHOOL BOARD OF DADE COUNTY and the Florida Department of Education, Appellees.
Nos. 50831, 51564.
Supreme Court of Florida.
September 28, 1978.
Rehearing Denied November 28, 1978.
*1097 Louis R. Beller, Miami Beach, for appellants.
Frank A. Howard, Jr. and Phyllis O. Douglas, Miami, for School Board of Dade County.
Winifred L. Wentworth, Gen. Counsel and John D. Carlson, Counsel, Tallahassee, for Florida Department of Education.
ADKINS, Justice.
We have for review on direct appeal two consolidated cases where the circuit court judges upheld the constitutionality of Chapter 75-284, Section 26, Laws of Florida codified at and hereafter referred to as Section 230.23(4)(m)7, Florida Statutes (1977). Both cases involve exceptional students who have been attending private schools because of the lack of special services in the Dade County public schools to meet their special needs. Before the 1975-76 school year, the Dade County School Board had been paying the entire costs of appellants' education pursuant to Section 230.23(4)(m), Florida Statutes (1977). In 1975 the legislature added the following paragraph, the subject of this appeal.
"7. The district school board shall establish a maximum amount which can be paid by a district school board for an individual exceptional student contract with a nonpublic school, based on the maximum full-time equivalent earned by the student."
The school board interpreted this to mean that they could only pay out to private schools what they actually received from the state for that particular student. It added the following amendment to the Dade County Procedures for Providing Special Education for Exceptional Students (1975-76):
"Effective July 1, 1975, the maximum amount which will be paid by the School Board of Dade County, Florida, pursuant to any individual exceptional child contract with a non-public school will be no more than the base student cost determined annually by the legislature times the legislatively established cost factor appropriate for the child's exceptionality times the established district cost differential. There will be no cost deduction for administrative costs."
In accordance with this policy the school board limited its obligations in the contract with the two private schools for less than the full cost of appellants' education. Having no other choice, appellants' parents paid the difference and sought reimbursement in the circuit court. Neither case came to trial: an order of summary judgment was entered in Scavella v. School Board of Dade County, Case No. 76-84 (Fla. 11th Cir.Ct. 1976) and a dismissal with prejudice of a third amended complaint was entered in Grace v. School Board of Dade County, Case No. 76-83 (Fla. 11th Cir.Ct. 1976).
In the order granting summary judgment, the circuit court judge explicitly held Section 230.23(4)(m)7, Florida Statutes (1977) constitutional. In the other case, the order to dismiss the complaint with prejudice is implicitly based on the same conclusion. We have jurisdiction to decide both cases. Article V, Section 3(b)(1), Fla. Const.; Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959).
Appellants argue that placing a cap on the amount of money a school district may pay to a private institution for the education of a physically handicapped child is unconstitutional. They mainly contend that the cap is a denial of their right to equal protection under the laws.
Much of the argument centered around whether appellants were members of a "suspect class", a classification used by the United States Supreme Court in determining the standard of judicial review in equal protection cases. We need not embroil ourselves in this controversy since Florida has a more specific constitutional provision which provides:
"No person shall be deprived of any right because of race, religion or physical handicap." Article I, Section 2, Florida Constitution. (emphasis supplied)
In light of this more stringent constitutional requirement, we only need to decide *1098 whether the cap imposed by Section 230.23(4)(m)7 Florida Statutes (1977), deprives appellants of any right, not just their right to be treated equally before the law.
We start our analysis by examining what effect the challenged statute has on existing law. We first take note that the state is responsible for providing adequate educational opportunities for all children, Section 229.011, Florida Statutes (1977). This responsibility is delegated to the school officials who compose the school board of each school district, Section 230.01, Florida Statutes (1977). The powers and duties of the school board are found in Section 230.23, Florida Statutes (1977), which in relevant part reads:
"The school board, acting as a board, shall exercise all powers and perform all duties listed below:
.....
(4) adopt and provide for the execution of plans for the establishment, organization, and operation of the schools of the district as follows:
.....
(m) Exceptional students.  Provide for an appropriate program of special instruction, facilities, and services for exceptional students as prescribed by the state board as acceptable, including the provision that:
.....
2. The school board provide the special instruction, classes and services, either within the district school system, in cooperation with other district school systems, or through contractual arrangements with approved private or nonpublic schools or community facilities."
This statute requires the different school boards to establish special programs for educating exceptional students. Exceptional students include all those students who are physically handicapped. Section 228.041(19), Florida Statutes (1977). Realizing that the public schools may not have the special facilities or instructional personnel to provide an adequate educational opportunity for the exceptional students, the legislature has allowed the school boards to make contractual arrangements with private schools. Section 230.23(4)(m)2, Florida Statutes (1977). The Board of Education, however, requires that such arrangements be made only as a last resort:
"When an appropriate special program cannot be provided within the district or in cooperation with other districts, a district may utilize nonpublic schools through a contractual arrangement based on guidelines issued by the director of the division of elementary and secondary education." Fla. Admin. Code Rule 6A-6.311(3).
The effect of the challenged statute allows the school boards to set a cap on the amount of money they will pay to a private school when fulfilling their responsibility to provide an education for exceptional students. The problem is whether this cap denies exceptional students, more specifically the physically handicapped students, their right to a free education. That such a right exists cannot be disputed even though there are no Florida cases holding such. The Florida Constitution mandates the legislature to provide for "a uniform system of free public schools." Article IX, Section 1, Florida Constitution. In compliance with this provision, the legislature has established a system of public schools which must provide "13 consecutive years of instruction ... [and] such instruction for exceptional children as may be required by law." Section 228.051, Florida Statutes (1977). These schools are funded by governmental sources and nonresident tuition fees, not by the people utilizing them, except indirectly as taxpayers. The clear implication is that all Florida residents have the right to attend this public school system for free.
It is incumbent upon this court to construe this statute as not interfering with the right to a free education so as to prevent its being rendered unconstitutional. Bonvento v. Board of Public Instruction, 194 So.2d 605 (Fla. 1967). The legislature wishes to impose a cap "based on the maximum full-time equivalent earned by the student." The full-time equivalent earned by a student depends, among other things, upon the student's particular handicap. Section 236.081, Florida Statutes (1977). *1099 Presumably more money is allotted for those students whom it costs more to educate. Thus the legislature recognized a need to place a higher cap on the spending of money for private instruction and special facilities for the more severely disabled children.
The term "based on the maximum full-time equivalent" does not necessarily mean "equal to the full-time equivalent." It could mean a certain factor times the full-time equivalent. Such an interpretation would preserve the legislature's intent to correlate the maximum a school board should pay to a private school with the severity of the particular student's handicap.
We therefore hold that the statute requires the school districts to establish a maximum amount that would not deprive any student of a right to a free education. So interpreted the statute is constitutional and will not deny anyone of equal protection before the law since the cap is reasonably based upon the student's particular need. Whether appellants' rights to a free education are denied depends on whether there exists some adequate program for the exceptional student, which cost does not exceed the cap established by the school board.
In this case the Dade County School Board set as a maximum an amount equal to a factor of one times the full-time equivalent. The issue now becomes whether the school board's rule is constitutional. That is, does the maximum set by the school board deny appellants their right to an adequate opportunity to receive a free education? We are unable to answer this question. In neither case does the record show, nor the complaint allege, that the maximum set by the school board is insufficient to provide appellants an education.
In Case No. 76-83 Appellant Grace's third amended complaint was dismissed with prejudice. Upon review, we are to accept all the allegations in the complaint as true. In re Burton's Estate, 45 So.2d 873 (Fla. 1950).
In paragraph 9 of the complaint, Jerry Grace alleged that the maximum amount established by the Dade County School Board was "based on an arbitrary formula different from the actual cost of educating the exceptional student." The complaint also alleges that Jerry Grace is an exceptional student who attended a private school; that the Dade County School Board paid for the full cost of his education for the 1974-75 school year; and that since that time no new facilities have become available within the Dade County School System nor has any alternative plan of education been offered to Jerry Grace. We believe these allegations are sufficient to support a cause of action.
If indeed the maximum amount set by the school board prevents Jerry Grace from receiving a reasonable opportunity to receive a free education, the relief he requests should be granted. But, on the other hand, if Jerry's parents had forsaken an adequate special program for a more expensive, albeit better, private school, then they should pay for the extra costs. Because we have interpreted the statute to render it constitutional, we believe Grace should be allowed to further amend his complaint.
This cause is reversed and remanded with instructions to proceed in conformity with this opinion.
In Case No. 76-84, appellant Emery Scavella moved for a summary judgment. By making such a motion, appellant has conceded that the record is complete and that there are no issues of material fact to be resolved. Geiser v. Permacrete, Inc., 90 So.2d 610 (Fla. 1956). Since the record does not conclusively show that the cap prevented appellant from receiving a free education and since the judge did not err as a matter of law in finding Section 230.23(4)(m)7, Florida Statutes (1977) constitutional, his final order is affirmed.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
HATCHETT, J., concurs in result only.