431 So.2d 1047 (1983)
DANIEL LAURENT, INC., David Travels, Inc., Classic Motor Carriages, Inc., and RMR-AD marketing, Inc., Appellants,
v.
CORAL TELEVISION CORPORATION, D/B/a WCIX, Appellee.
No. 82-1569.
District Court of Appeal of Florida, Third District.
May 31, 1983.
Britton, Cohen, Kaufman & Schantz and J. Robert Olian, Miami, for appellants.
Holland & Knight and Boyce F. Ezell III and Mark J. Buhler, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
It was error for the trial court to enter summary judgment for the plaintiff. The record before this court shows, at a minimum, the existence of genuine issue of material fact as to whether Stanley Leader[1] was acting as an agent for the advertisers and/or RMR-AD Marketing, Inc. with the power to bind them to pay for the *1048 purchase of advertising time, see American Broadcasting Companies, Inc. v. Climate Control Corp., 524 F. Supp. 1014 (N.D.Ill. 1981); Columbia Broadcasting System, Inc. v. Stokely-Van Camp, Inc., 522 F.2d 369 (2d Cir.1975) on remand, 456 F. Supp. 539 (S.D.N.Y. 1977). These issues must be resolved by the trier of fact. See Scott v. Sun Bank of Volusia County, 408 So.2d 591 (Fla. 5th DCA 1981).
We reject the appellee's argument that by filing a cross-motion for summary judgment the appellants are precluded from arguing on appeal that there are disputed issues of material fact. It is clear that the determination of whether there are genuine issues of material fact is a question of law to be decided by the court. Where such issues of fact exist, that both parties filed motions for summary judgment claiming the nonexistence of those facts will not entitle the court to decide such issues without a trial. Shaffran v. Holness, 93 So.2d 94 (Fla. 1957); General Development Utilities, Inc. v. Davis, 375 So.2d 20 (Fla. 2d DCA 1979); State Farm Fire and Casualty Co. v. Oskierko, 334 So.2d 61 (Fla. 3d DCA 1976); Spear v. Martin, 330 So.2d 543 (Fla. 4th DCA 1976); Francis v. General Motors Corp., 287 So.2d 146 (Fla. 3d DCA 1973), cert. denied, 293 So.2d 716 (Fla. 1974); Lovelace v. Sobrino, 280 So.2d 514 (Fla. 3d DCA 1973); Coquina Ridge Properties v. East West Co., 255 So.2d 279 (Fla. 4th DCA 1971); Spencer v. Halifax Hospital District, 242 So.2d 143 (Fla. 1st DCA 1970); Burley v. Mummery, 222 So.2d 261 (Fla. 3d DCA 1969); Central Investments, Inc. v. Old Southern Golf Utility Corp., 197 So.2d 17 (Fla. 4th DCA 1967); First Mortgage Corp. of Stuart v. deGive, 177 So.2d 741 (Fla. 2d DCA 1965); Wilson v. Milligan, 147 So.2d 618 (Fla. 2d DCA 1962); Pancoast v. Pancoast, 97 So.2d 875 (Fla. 2d DCA 1957). See 10A Wright, Miller and Kane, Federal Practice and Procedure § 2720 (1983) (as to the Federal Rules of Civil Procedure).
Furthermore, a party moving for a summary judgment concedes that there is no genuine issue as to a material fact, but such concession is only for the purposes of the motion made by him and does not carry over to be used against the movant to the benefit or advantage of his adversary. McClendon v. Key, 209 So.2d 273 (Fla. 4th DCA 1968); John K. Brennan Co. v. Central Bank & Trust Co., 164 So.2d 525 (Fla. 2d DCA 1964); 10A Wright, Miller and Kane, Federal Practice and Procedure § 2720 (1983). If it could be carried over, one who makes a motion would be precluded from contesting the correctness of any adverse order entered against him as a result thereof. West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla. 1958).
The appellee cites several decisions in support of its position; however, we find these cases to be distinguishable. Board of Public Instruction of Dade County v. Fred Howland, Inc., 243 So.2d 221 (Fla. 3d DCA 1970), cert. denied, 248 So.2d 167 (Fla. 1971) and Hunter v. Employers Mutual Liability Insurance Co. of Wisconsin, 427 So.2d 199 (Fla. 2d DCA 1982) are inapplicable because they involved express stipulations which were clearly not present here.
The rest of the cases relied upon by appellee carve out a narrow exception to the otherwise well-accepted principle stated in Shaffran v. Holness, supra, and its progeny. In the earliest of these cases, Geiser v. Permacrete, Inc., 90 So.2d 610 (Fla. 1956), the court rejected appellee's contention that there were controverted issues of fact as to the validity of a mortgage and note because of the appellee's motion for summary judgment claiming that there were no genuine issues of fact. Citing that decision, the court, in Wilson v. Milligan, supra, found that a movant may not ask for a summary judgment asserting that there is no issue of fact on a specific question and then, on appeal, take the contrary position that there is a material issue of fact on the same question.
In Glens Falls Insurance Co. v. J.A. Fields, 181 So.2d 187 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 815 (Fla. 1966), the court found that there were no issues of material fact; however, by dicta, it recognized that the appellant was precluded from arguing that there was an issue of fact as *1049 to the care, custody, and control of a silo where it had previously moved for a summary judgment specifically claiming that there was no such issue of fact.
The most recent supreme court decision on this subject, Scavella v. School Board of Dade County, 363 So.2d 1095 (Fla. 1978) provides little explanation of its holding. We can only assume that Scavella, like the other cases relied upon by appellee, involved a claim that there were no issues of material fact on a specific question.
The present case does not fall within this narrow exception and thus, in accordance with the great weight of authority, we find that the appellants are not precluded from arguing that there are disputed issues of material fact. Because we find that there are issues to be resolved, we reverse the order granting the appellee's motion for summary judgment and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Leader, one of the defendants below, filed a separate appeal from the instant summary judgment. Leader v. Coral Television Corp., d/b/a WCIX, 431 So.2d 1046 (Fla. 3d DCA 1983).