559 So.2d 294 (1990)
WILMO ON THE BLUFFS, INC., Appellant,
v.
CSX TRANSPORTATION, Appellee.
No. 89-590.
District Court of Appeal of Florida, First District.
March 29, 1990.
Stephen B. Shell of Shell, Fleming, Davis & Menge, Pensacola, for appellant.
William H. Clark of Clark, Partington, Hart, Larry, Bond, Strackhouse & Stone, Pensacola, for appellee.
PER CURIAM.
Appellant, developer Wilmo on the Bluffs, Inc., challenges the trial court's summary judgment prohibiting construction of additional grade-level vehicular crossings traversing appellee's, railroad CSX Transportation, Inc., railroad right-of-way.[1] Appellant asserts that the trial court abused its discretion by granting summary judgment where genuine issues of material fact remain for resolution. We disagree and affirm.
Appellee's 100-foot-wide railroad easement bisects appellant's property between Scenic Highway and Escambia Bay, south of I-10 and north of Gull Point. Appellant purchased the property to develop single-family residential lots on both sides of the track assuming that because other crossings existed nearby it could obtain permission to construct a private crossing. However, appellee refused to grant the easement.
Cross-motions for summary judgment do not mean in themselves that no genuine issue of fact exists. Couch Const. Co. v. Dept. of Transportation, 537 So.2d 631, 632 (Fla. 1st DCA), rev. denied, 545 So.2d 1366 (Fla. 1989). The determination of whether there are genuine issues of material fact is a question of law to be *295 decided by the court. Daniel Laurent, Inc. v. Coral Television, 431 So.2d 1047, 1048 (Fla. 1st DCA 1983). Where such issues of fact exist, that both parties filed motions for summary judgment claiming the nonexistence of those facts will not entitle the court to decide such issues without a trial. Id. Furthermore, a party moving for a summary judgment concedes that there is no genuine issue as to a material fact, but such concession is only for the purposes of the motion made by him and does not carry over to be used against the movant to the benefit or advantage of the adversary. Id. However, an exception to these general rules has been carved out:
A movant may not, however, specifically ask for summary judgment or decree and assert that there was no genuine issue of material fact on a specific question and then on appeal take the contrary position that there was a material issue of fact on the same question. Geiser v. Permacrete, Inc., 90 So.2d 610, 612 (Fla. 1956). (Emphasis added).
Glen Falls Ins. Co. v. Fields, 181 So.2d 187, 189 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 815 (Fla. 1966); Wilson v. Milligan, 147 So.2d 618, 622 (Fla. 2d DCA 1962).
Both parties presented evidence and moved for summary judgment on many specific questions. After specifically asking for summary judgment and asserting no genuine issue of material fact on each specific question, appellant takes a contrary position on appeal by asserting that a genuine material issue of fact did exist on the same specific questions. Therefore, we find that this case falls within the exception and we affirm the trial court's denying appellant's, and granting appellee's, motions for summary judgment.
AFFIRMED.
SMITH, THOMPSON and MINER, JJ., concur.
NOTES
[1] By an indenture dated 1881, Wilmo's predecessor-in-interest, the Yniestras, granted, bargained, sold, and conveyed to CSX's predecessor-in-interest, Pensacola and Atlantic Railroad Co., the subject easement or right of way.