ON REHEARING
GARRETT, Judge.
We grant appellants’ motion for rehearing and substitute the following for our September 12, 1990 opinion;
Appellants seek review of the trial court’s granting of appellees’ motions for summary judgment.
In 1979 appellees Markborough Properties and Markborough Florida (Markbor-ough) began development of Boca Pointe, a planned unit development (PUD) in southeast Palm Beach County. Markborough formed appellee Boca Pointe Community Association, Inc. (Association) to operate the project during the development phase. In 1981 Markborough recorded the Decía- *1351 ration of Covenants, Conditions and Restrictions of Boca Pointe (Declaration) which binds all parties who held or acquired any real estate interest in the PUD. The Declaration provides that all the common property, restricted common property and governmental property throughout Boca Pointe may be maintained by the Association.[1] The Declaration does not obligate the Association to improve any Boca Pointe common property, restricted common property or governmental property.
In 1983 Markborough sold appellant Acquisition Corp. of America (Acquisition) a tract of land to develop a condominium project. In 1984 and 1985 appellant Sun-Island Realty, Inc. (Sun-Island) purchased two tracts of land from Markborough for the development of similar projects in Boca Pointe. Both Acquisition and Sun-Island paid assessment fees to the Association, but then stopped when they thought the maintenance provisions of the Declaration had been breached. The Association filed liens against appellees for the nonpayment.
In 1986 appellants sued appellees for the failure to improve and maintain the common property, the restricted common property, and all city, county, district or municipal property within or in a reasonable proximity to appellants’ tracts. Each appellee filed a motion for summary judgment. At the hearing on the motions, only a ten foot wide Palm Beach County utility and limited access easement was shown to exist within appellant’s tracts. Such tracts contained no common, restricted common or other governmental property.
Where a determination of liability depends upon a written instrument and its legal effect, the question is essentially one of law and is ordinarily determinable by the entry of summary judgment. Buckner v. Physicians Protective Trust Fund, 376 So.2d 461, 463 (Fla. 3d DCA 1979). In order to affirm entry, of a summary judgment, a district court of appeal must determine that the record poses no genuine issue of material fact, and that as a matter of' law, appellant is not entitled to relief. Kempfer v. St. Johns River Water Management District, 475 So.2d 920, 921 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986). The determination of whether there are genuine issues of material fact is a question of law to be decided by the court. Daniel Laurent, Inc. v. Coral Television Corp., 431 So.2d 1047, 1048 (Fla. 1st DCA 1983).
The Declaration limits the Association’s obligation to maintain common property[2] to that which is either deeded, dedicated or somehow designated for common use. The limited access easement only granted the county building department the right to approve the installation of any curbs. We fail to see how appellees could have main *1352 tained the right of approval. The utility easement granted the county the right to construct and maintain utilities. We acknowledge that it is possible to maintain a utility easement. But, the Declaration clearly states that the Association’s obligation to maintain an easement is merely permissible, not mandatory,[3] and only applicable where a duly recorded instrument grants an easement to the Association. The utility and limited access easement was granted to the county, not to the Association. Furthermore, appellants’ tracts were undeveloped and would have been unaffected by any lack of maintenance.
We find no genuine issue of material fact and that no factual basis exists from which a trier of fact could infer that the Association failed to fulfill its non-mandatory obligation to maintain any common, restricted common or governmental property within or in reasonable proximity to appellants’ tracts. We note that appellants stopped paying any assessments despite the fact that only a very nominal portion might be in dispute.
Accordingly, we affirm the trial court’s granting of appellees’ motions for summary judgment.
AFFIRMED.
DELL, J., concurs.
GLICKSTEIN, J., dissents with opinion.

. Article IV, Section 1, states that the Association may provide the following services:
A. Maintenance of all Common Property, Restricted Common Property, and all city, county, district or municipal properties to the extent permitted by any governmental authority which are located within or in a reasonable proximity to the Properties to the extent their deterioration would adversely affect the appearance of the Properties.

. Subsections G and W of Article I, Definitions, Section 1, respectively state:
"Common Property" shall mean and refer to those tracts of land, together with any improvements thereon, which are actually dedicated, deeded or leased to the Association and designated in said dedication, deed or lease as "Common Property". The term "Common Property" shall also include any personal property acquired by the Association if said property is designated as "Common Property” in the bill of sale or instrument transferring same. Common property shall not include those tracts of land falling within the definition of "Restricted Common Property”-
"Restricted Common Property” shall mean and refer to those tracts of land, together with any improvements thereon, which are actually dedicated, deeded or leased to the Association and designated in said dedication, deed or lease as "Restricted Common Property” and are designated for use by less than all the Members of the Association. The term "Restricted Common Property” shall also include any personal property acquired by the Association if said property is designated as "Restricted Common Property” in the bill of sale or instrument transferring same. The dedication, deed or lease to the Association of any Restricted Common Property shall describe the portion of the Properties to which it is appurtenant to that which is either deeded, dedicated or somehow designated for common use.

. Article IV, Functions of Master Association, Section 1, Services, states:
The association may provide the following services:
[[Image here]]
B. Maintenance of any real proerty located within Boca Pointe upon which the Association has accepted an easement for said maintenance by duly recording an instrument granting said easement to the Association executed and delivered by the Owner of said property to the Association.