Mr. Tom W. Conely, III Okeechobee County School Board Attorney 207 Northwest 2nd Street Okeechobee, Florida 34972-4190
Dear Mr. Conely:
You ask substantially the following question:
May the Okeechobee County School Board charge a fee to a student's guardian or parents who are Florida residents but reside outside the geographic boundaries of Okeechobee County to allow the student to attend public schools in Okeechobee County?
In sum:
The Okeechobee County School Board may not charge a fee to a student's guardian or parents who are Florida residents but reside outside the geographic boundaries of Okeechobee County to allow the student to attend public schools in Okeechobee County.
According to your letter, the school boards of Glades and Okeechobee Counties have entered into a student exchange cooperative agreement whereby either county may provide public school education for students residing in the other county if those students have obtained a release from the sending county. This office has been advised by the Department of Education that state funds for such students would flow to the school district reporting the students for enrollment purposes. Thus, if under the agreement the Okeechobee County School Board accepts a student from Glades County and reports the student to the state for enrollment purposes, the state funding for such student would go to the Okeechobee County School Board.
You ask, however, whether the school board may also charge a fee to the student's parents or guardian residing in another county for the student attending a school within Okeechobee County. According to your letter, the Okeechobee County School Board is relying on the provisions of section 230.03(2), Florida Statutes, in adopting a policy that charges the parents or guardians of a student from another school district a fee for the student to attend school within Okeechobee County. Section 230.03(2) provides:
In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law.
This office has stated that the above section grants district school boards "home rule powers" enabling them to exercise any power for school purposes in the operation, control, and supervision of all free public schools in their districts unless expressly prohibited by the Constitution or general law.[1] In the event of a conflict between a state statute and a rule or policy of a district school board, however, the state statute will prevail.[2]
Moreover, section 230.03(2), Florida Statutes, by its own terms states that the statute seeks to implement the grant of power in Article IX, section 4(b), Florida Constitution, and, thus, the grant of authority in section 230.03(2) must be read in accordance with such constitutional provision. Article IX, section 4(b) states:
The school board shall operate, control and supervise all free public schools within the school district and determine the rate of school district taxes within the limits prescribed herein. Two or more school districts may operate and finance joint educational programs.[3]
Section 228.051, Florida Statutes, provides:
The public schools of the state shall provide 13 consecutive years of instruction, beginning with kindergarten, and shall also provide such instruction for exceptional children as may be required by law. The funds for support and maintenance of such schools shall be derived from state, district, federal, or other lawful sources or combinations of sources and shall include any tuition fees charged nonresidents as provided by law. (e.s.)
This office has previously stated that the term "by law" as used in the statutes and constitution refers to an enactment of the state Legislature.[4] Section 228.121, Florida Statutes, establishes the tuition fee that may be charged nonresidents, providing in pertinent part:
Pupils in grades kindergarten through 12 whose parent, parents, or guardians are nonresidents of Florida may be charged a tuition fee of $50, payable at the time of enrollment of such pupils.[5]
Thus, the statute permits a school district to charge a tuition fee of $50 for a nonresident of the state to attend school. Under the agreement between Glades County and Okeechobee County, Okeechobee County may charge the student's guardian or parents who reside in Glades County but are Florida residents a fee of $175 for the student to attend school in Okeechobee County.
The Supreme Court of Florida, in considering the provisions of Article IX, section 1, Florida Constitution, which requires that adequate provision be made by law for a uniform system of free public schools, has stated:
Insofar as the constitution provides for "free public schools," it is clear that no student may be required to pay tuition as a condition of being admitted into school. Of course, this does not mean that the students' parents are exempt from paying any of the costs of maintaining the school system. Obviously, property owners who have children pay ad valorem taxes, portions of which pay for schools. The mandate of free public schools insures that students' access to public schools is not dependent upon the payment of any fees or charges.[6]
While the school code authorizes a school board to cooperate with boards of adjoining districts in maintaining schools and to cooperate with other agencies in joint projects,[7] I am of the opinion that a district school board is not authorized to charge a fee to a student's guardian or parents who are Florida residents but reside outside the geographic boundaries of the school district to allow the student to attend public schools in that school district.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Op. Att'y Gen. Fla. 83-72 (1983).
[2] See, Ops. Att'y Gen. Fla. 84-95 (1984) (district school board precluded from expending school funds in any manner conflicting with or other than Legislature has directed); 83-72 (1983) (where statute specifies method, manner or procedure in which district school board is required to act, such legislative direction prevails over a conflicting method or procedure adopted by school board); 87-52 (1987) (enumeration of purposes for which funds derived by school board's levy may be used precludes school from using funds in a different manner).
[3] And see, Art. IX, s. 1, Fla. Const., which provides in part that "[a]dequate provision shall be made by law for a uniform system of free public schools. . . ." (e.s.)
[4] See, Grapeland Heights Civic Association v. City of Miami,267 So.2d 321, 324 (Fla. 1972) (term "by law" as used in constitution means an enactment of the state Legislature and not by a city commission or other political body); Op. Att'y Gen. Fla. 83-92 (1983) applying this reasoning to an administrative body. See also, Ops. Att'y Gen. Fla. 84-51 (1984) (ordinance of a noncharter county is not a "law" within the purview of s. 5[c], Art. II, State Const.); 84-39 (1984) (municipal ordinance is not a "law" within the meaning of s. 8, Art. I, State Const.).
[5] Section 228.121(1), Fla. Stat. A nonresident is defined as a person who has lived in Florida less than 1 year, has not purchased a home which is occupied by the person as his or her residence prior to the enrollment of his or her child or children in school, and who has not filed a manifestation of domicile in the county where the child is enrolled. See, s. 228.121(2), Fla. Stat., and see, subsection (3) which sets forth certain exceptions.
[6] St. Johns County v. Northeast Florida Builders Association, Inc., 583 So.2d 635, 639 (Fla. 1991). The Court in that case concluded that the county could impose an impact fee on new residential construction to be used for new school facilities so long as the fee was imposed on each dwelling unit. And see, Scavella v. School Board of Dade County, 363 So.2d 1095, 1098
(Fla. 1978), stating:
The Florida Constitution mandates the legislature to provide for "a uniform system of free public schools." Article IX, Section 1, Florida Constitution. In compliance with this provision, the legislature has established a system of public schools which must provide "13 consecutive years of instruction . . . [and] such instruction for exceptional children as may be required by law." Section 228.051, Florida Statutes (1977). These schools are funded by governmental sources and nonresident tuition fees, not by the people utilizing them, except indirectly as taxpayers. The clear implication is that all Florida residents have the right to attend this public school system for free. (e.s.)
[7] See, s. 230.23(4)(d) and (j), Fla. Stat.
[8] This office has been advised that the Department of Education concurs in such a conclusion.