# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4262
Lower Tribunal No. 2017-CA-001493-O

_____

LOUIS P. SHASSIAN,

Appellant,

v.

RIVERWALK PARK, LLC, ALAN H. GINSBERG, WAYNE STEIDLE,
and MARK D. LASS,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Margaret H. Schreiber, Judge.

October 31, 2025

WOZNIAK, J.

Louis P. Shassian appeals the "Amended Partial Final Summary Judgment as to Defendants Wayne Steidle and Mark D. Lass" rendered in favor of Appellees Wayne Steidle and Mark D. Lass, which resolves the parties' competing claims to a $1 million credit in a business dispute between investors. Shassian asserts that a genuine issue of material fact exists relative to Appellees' investment in the venture because a reasonable jury, hearing Shassian's testimony and considering the

corroborating contemporaneous documents, could conclude that he is entitled to the return of the $1 million credit. Further, he contends, genuine issues of material fact exist as to whether Appellees, under the Agreement of Members entered into to resolve prior litigation, waived and released their claim to that $1 million. Because of these factual disputes, he argues, summary judgment was entered in error. We agree.

This is the parties' second appearance in this Court. In *Shassian v. Riverwalk Park, LLC*, 365 So. 3d 484, 485 (Fla. 6th DCA 2023), this Court summarized the origin of the dispute between the parties:

> This case involves a business dispute between investors in a large piece of property in Tennessee. Shassian was one of several initial investors in this venture, and Riverwalk Park, LLC ("Riverwalk") is the entity they formed to own the property. Shassian approached Appellees shortly after Riverwalk's formation, seeking investment capital necessary to finalize the acquisition. Appellees each contributed $1 million. What they received in exchange comprises an aspect of their eventual dispute.
>
> In short, Appellees believe that their contributions were loans that also entitled them to a 25% interest in Riverwalk. Shassian agrees that Appellees received 25% of Riverwalk, but insists that they each paid $500,000 for this interest. He further contends that by procuring Appellees' capital for Riverwalk's benefit, he is entitled to a $1 million loan credit from the company. Riverwalk's records showed different amounts owed to Shassian and Appellees over the years, and Riverwalk issued promissory notes for different amounts owed to these investors. After several years during which Shassian received the $1 million loan credit, the Riverwalk

2

members voted to divest Shassian of the credit and reapportion it to Appellees.

Having been divested of the $1 million credit, Shassian filed a six-count complaint against numerous parties, asserting in Count IV—the only count naming Appellees—that he was uncertain as to his right to the $1 million credit and asking for a declaration that Riverwalk owed him the $1 million that had been reapportioned to Appellees. Shassian sought summary judgment; Appellees filed a cross motion for summary judgment. In 2019, the trial court entered a nonfinal order, purportedly a partial summary final judgment, in favor of Appellees. Shassian obtained a stay of the parties' remaining claims and ultimately proceeded with an appeal in this Court. *Id.* at 486. Because of the posture of the case at the time this nonfinal order was entered, this Court lacked jurisdiction to consider Shassian's appeal and thus dismissed it. *Id.* at 487.

Since that dismissal, all impediments to appeal have been removed. Specifically, Shassian secured the dismissal of all pending claims involving Appellees, other than the claim at issue here, and moved for entry of a partial final summary judgment. The trial court "readopted" its 2019 nonfinal order and entered partial summary final judgment in favor of Appellees on Count IV. It is from this judgment that our jurisdiction is properly established.

This Court's review of the partial summary final judgment proceeds under the de novo standard. *See Pickell v. Lennar Homes, LLC*, 372 So. 3d 1279, 1281 (Fla.

3

6th DCA 2023) (citing *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000)).

To prevail on a summary judgment motion, "the movant must show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).[1] "[T]he correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *In re Amends. to Fla. Rule of Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if, in accord with the substantive law, it might affect the outcome of the case." *Shim v. Buechel-Pappas Tr.*, 402 So. 3d 386, 390 (Fla. 6th DCA 2024) (citing *Anderson,* 477 U.S. at 248).

Under that announced standard, we are compelled to conclude that there are genuine issues of material fact as to whether Appellees agreed to invest $2 million in exchange for a $1 million investment credit and whether Appellees waived or released any claim to the $1 million by virtue of the Agreement of Members entered into to resolve prior litigation. Both parties presented their own version of the facts surrounding Appellants' initial investment and the settlement agreement, and both

---

[1] We apply the amended version of Florida Rule of Civil Procedure 1.510 because the appealed 2023 order was rendered after the May 1, 2021, effective date of the amendment. *See In re Amends. to Fla. R. of Civ. P. 1.510*, 317 So. 3d 72, 74 (Fla. 2021).

4

parties presented evidence in support of their version.[2] The evidence conflicts, and neither version is "blatantly contradicted by the record." *In re Amends.*, 317 So. 3d at 75-76 ("Under our new rule, '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007))). The disputed facts are material in that their resolution will determine the outcome of the case.

The trial court, before ruling on Count IV, wrote that "all parties agree that the Court should grant declaratory relief to establish whose account should be credited with the disputed monies." The trial court's mention of the parties' agreement suggests the trial court proceeded to resolve the competing claims based on its belief that the parties wanted a resolution of the issues because they had each filed for summary judgment. However, the existence of competing summary judgment motions does not preclude the existence of genuine issues of material fact. *Wilmo on the Bluffs, Inc. v. CSX Transp.*, 559 So. 2d 294, 294 (Fla. 1st DCA 1990) (observing that competing motions for summary judgment "will not entitle the court to decide [genuine issues of material fact] without a trial").

---

[2] Indeed, in 2019 when it denied summary judgment on Shassian's other counts, the trial court acknowledged that entitlement to the money is a "hotly contested issue."

Because genuine issues of material fact exist as to how Appellees' original investment was to be reflected on Riverwalk's financial records and the effect, if any of the settlement agreement on Appellees' claim, the trial court erred in resolving these disputed factual issues on a summary judgment motion. Accordingly, we reverse and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

MIZE and GANNAM, JJ., concur.

John H. Pelzer, of Greenspoon Marder, LLP, Fort Lauderdale, for Appellant.

Benjamin C. Iseman, of Maynard Nexsen PC, Winter Park, for Appellees, Mark D. Lass and Wayne Steidle.

No Appearance for Appellees, Riverwalk Park, LLC and Alan H. Ginsberg.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED